## William Murray *vs.* Leroy J. Cherrington.

A written lease of a house, at a certain rent per annum, payable "in monthly payments, or otherwise *pro rata*," for a term to begin "when said house is suitable to be occupied" by the lessee, and undefined in duration except by a stipulation that if, after two years from the time when the lessee should move into the house, the lessor should wish to live there, he might do so, and the lessee might then retain, if he should desire. certain rooms "for such a term as may be agreeable to us both," creates only a tenancy at will; and parol evidence is inadmissible to give it a different construction.

Action on the Gen. Sts. *c.* 137, for possession of a dwelling-house in South Boston. Writ dated April 20, 1867. At the trial in the superior court, before *Wilkinson*, J., without a jury, the defendant contended that he held the premises of right against the plaintiff, by virtue of a letter of the plaintiff, dated September 20, 1866, and stamped with an internal revenue stamp, and of certain subsequent receipts of the plaintiff, all of which were introduced in evidence.

The letter, signed by the plaintiff and addressed to the defendant, ran as follows: "I hereby let you the whole of my house on Mercer Street in South Boston, when said house is suitable to be occupied by you, for a rent of four hundred and eighty dollars per annum, to me paid in monthly payments, or otherwise *pro rata*, and will give you the privilege of reletting to a good party such a portion of it as you may wish to; but it is to be understood that, in case after two years subsequent to your moving into said house I should wish to live in the house myself, I can do so, and that then you may still retain, if you wish so to do, the second floor and front chamber and bed-room adjoining, for such a term as may be agreeable to us both." On the back of it were indorsed, a receipt signed by the plaintiff, under date of September 28, 1866, of one hundred dollars from

the defendant, "which said sum I hereby agree to pay him in rent of house owned in my name situated on Mercer Street in South Boston, which said house I have let to him in accordance with my letter to him dated September 20, 1866;" and a receipt signed by the defendant "of one hundred dollars on the within, in rent of house owned by William Murray." The others were receipts in ordinary form for monthly payments of rent made by the defendant; and the last, dated April 3, 1867, reserved to the plaintiff all rights to determine the defendant's tenancy "acquired by notice heretofore served on him." It was agreed that the defendant entered into possession of the premises on October 23, 1866, under the letter of September 20, and had continued in possession to the date of the writ.

The judge refused the defendant's prayer for a ruling "that the letter and receipts, together with the actual possession as aforesaid, constituted a valid lease of the premises for the term of two years from October 23, 1866;" and ruled to the contrary; excluded parol testimony offered by the defendant to prove that the letter was executed and delivered by the plaintiff as a lease for years; and found for the plaintiff. The defendant alleged exceptions.

*A. Wellington,* for the defendant.

*W. W. Doherty,* for the plaintiff.

FOSTER, J. 1. Upon very familiar principles, parol evidence was inadmissible to aid the construction of the letter from the plaintiff to the defendant, which was claimed to create a lease for years.

2. We are also of opinion that the ruling of the presiding judge was correct, that the terms of this letter did not create an estate for years, namely, a lease for two years, between the parties. The duration of a lease for years must be certain; this includes both its commencement and termination. It may be conceded that a lease for years may begin "when a house is suitable to be occupied," according to the maxim, *Id certum est quod certum reddi potest.* But the fatal objection remains that no period of termination is fixed by this letter. A leasehold interest for an uncertain and indefinite term is an estate at will

only.   Shaw, C. J., in *Cheever* v. *Pearson*, 16 Pick. 271.   *Bishop of Bath's case*, 6 Co. 35.   Bac. Ab. Lease, L. 3.   It is indis-putable that an entry by the lessee under this instrument would not bind him to remain for any definite period.   He could ter-minate his tenancy in the modes provided by statute.   As to him, there is no term of certain duration.   Consequently there can be none as to the landlord.

The proviso, that after two years from the commencement of the occupancy the landlord may live in the house if he wishes to do so, and that then the tenant may still retain, if he wishes, certain rooms, cannot change the construction.   This clause has no tendency to show that the tenant was bound to remain dur-ing the two years.                               *Exceptions overruled.*