GEORGE H. GARDNER *vs.* BENSON C. HAZELTON.

Suffolk. Nov. 15, 1876. — Jan. 9, 1877. AMES & DEVENS, JJ., absent.

Parol evidence is inadmissible to show that the words "to let, lease and give posses-sion" of certain premises, contained in a written instrument, were intended as a contract to assign a lease, instead of a contract to lease the premises described.

A memorandum in writing, signed by the defendant, "to let, lease and give posses-sion of" certain premises at a date named, and for a certain sum, is insufficient to take the contract out of the statute of frauds; nor will the plaintiff be entitled, thereby, to the possession of the premises described, as tenant from year to year.

A point, which appears from the report of the presiding judge not to have been made at the trial, must be taken to have been waived, and cannot be taken for the first time in this court.

CONTRACT for breach of the following agreement in writing, signed by the defendant : " Boston, July 11, 1874. I have this day agreed to let, lease and give possession of Lurline Hall, 3 Winter Street, to G. H. Gardner, on September 1, 1874, on the payment by him to me of two hundred dollars cash, and a satisfactory note of four hundred and fifty dollars at ninety days' sight."

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff proved the execution and delivery of the agreement declared on, and offered to show by parol that the agreement referred to and intended by the words, " have agreed to let, lease and give possession," was an agreement to assign to the plaintiff a written lease then held by the defendant, of the premises de-scribed, for the unexpired term of the lease ; and that on said

September 1 the plaintiff tendered to the defendant $200 in money, and a satisfactory note for $450 at ninety days' sight, and then demanded of the defendant an assignment of the lease and performance of the defendant's agreement. The plaintiff also contended, and requested the judge to rule, if parol evidence was inadmissible for the purpose of showing such intended assignment, then that, by the legal construction of the memorandum, the plaintiff, upon due tender by him of the money and note therein stipulated, became entitled to the possession and occupancy of the described premises as a tenant thereof from year to year. The judge declined to rule as requested, but ruled that the words " have agreed to let, lease and give possession " did not imply or include an agreement for the assignment of the defendant's lease for the entire unexpired term of the lease ; that parol evidence to prove such an agreement was incompetent and inadmissible ; and that the memorandum was insufficient, under the statute of frauds, to sustain the plaintiff's action.

The judge thereupon directed a verdict for the defendant ; and reported the case for the consideration of this court. If the rulings were correct, judgment was to be ordered on the verdict ; otherwise, the verdict was to be set aside.

*G. H. Kingsbury*, for the plaintiff.

*T. S. Dame*, for the defendant.

COLT, J. The action is brought to recover damages for the defendant's failure to perform his contract to convey to the plaintiff an interest in land. At the trial, the plaintiff produced a written memorandum signed by the defendant, and claimed the right to show by parol that the agreement therein referred to by the words " have agreed to let, lease and give possession " was an oral agreement of the defendant to assign to the plaintiff, as lessee, an unexpired term of a lease held by him. But the memorandum, required by the statute of frauds to maintain this action, must show in itself the subject matter of the defendant's engagement ; and parol evidence is not admissible to prove that the contract was different from that stated in the writing, or was a contract to assign a lease, instead of a contract to lease the premises described. *Farwell* v. *Mather*, 10 Allen, 322. *Murray* v. *Cherrington*, 99 Mass. 229. *Fitz* v. *Comey*, 118 Mass.

100. Browne St. Frauds, § 385. The evidence offered was rightly excluded.

The plaintiff then requested the judge to rule that, by the true construction of the memorandum, the plaintiff was at least entitled to the possession of the premises described as tenant from year to year. But the difficulty is that the memorandum is imperfect in not stating the duration of the leasehold interest to be conveyed. And it is settled by the decisions of this court that a leasehold interest for an uncertain and indefinite time, whether created by parol or by written contract, is only an estate at will. *Murray* v. *Cherrington*, cited above. *Cheever* v. *Pearson*, 16 Pick. 266, 271. The judge declined to rule as requested, and further ruled that the memorandum produced was not sufficient, under the statute of frauds, to sustain the plaintiff's action.

The plaintiff now insists that, if the estate described in the memorandum is not an estate from year to year, it is at least an estate at will, and that, treating it as such, the writing is sufficient, under the statute of frauds, to sustain the action. But we do not think this claim is fairly open to the plaintiff upon this report. He did not ask to go to the jury on that ground. In his offer of evidence, he offered to prove that he tendered the consideration and demanded an assignment of the defendant's lease. It was not suggested or claimed that he was entitled to, or was willing to accept from the defendant, a lease at will, and pay the whole consideration named; or that he had made a tender and a demand of the defendant for the conveyance of such an interest. If the claim now made had been made at the trial, the defendant might have been then prepared to meet it, and would have been saved the additional delay and expense to which he would now be subject, if this position of the plaintiff were sustained. The point must be deemed to have been waived by the plaintiff. *Judgment on the verdict.*