<hr />

JOHN H. DIX *vs.* JOHN E. ATKINS.

Suffolk.   Nov. 9, 1880. — Jan. 6, 1881.   LORD & SOULE, JJ., absent.

A lease of a tenement for the term of two years contained the following provision: "And it is hereby mutually agreed that if, before the end of said term, neither of the parties shall give to the other three months' notice in writing of his intention to terminate this lease at the end of said term, said lease shall continue in force for another term of one year, and in the same manner from year to year, until one of said parties shall determine this lease by notice in writing, in the manner aforesaid, which notice shall terminate with the end of the year for which the premises are then held; and provided that either party may terminate this lease by notice in writing given three months before the termination of any one year." *Held,* that, upon the failure of the lessee to give notice, three months before the end of the second year, of his intention to terminate the lease, it continued in force for another term of one year.

In an action for one quarter's rent of a tenement, upon the covenants of a written lease providing that, unless three months' notice of an intention to terminate the lease is given, the lease shall continue in force for another term of one year, evidence that the plaintiff let or occupied the tenement after the quarter in question is immaterial.

MORTON, J.   This is an action of contract upon the covenants of a written lease, to recover the rent from October 1, 1877, to January 1, 1878.   By the lease, the plaintiff demises to the defendant the leased premises for the term of two years from October 1, 1875; and then follows this provision: "And it is hereby mutually agreed that if, before the end of the said term, neither

of the said parties shall give to the other three months' notice in writing of his intention to terminate this lease at the end of the said term, the said lease shall continue in force for another term of one year, and in the same manner from year to year, until one of the said parties shall determine this lease by notice in writing in the manner aforesaid, which notice shall terminate with the end of the year for which the premises are then held; and provided that either party may terminate this lease by notice in writing given three months before the termination of any one year."

This provision cannot be construed as a mere covenant for renewal of the lease. No renewal was contemplated by the parties; no act was to be done by either party, but unless the notice provided for was given, the lease was to continue in force for another term of one year. It is not a mere agreement to give a lease for a term to commence *in futuro*, but, upon the failure to give the three months' notice required to terminate the lease, it continued in operation, and was a lease *in presenti* for the third year. *Kramer* v. *Cook*, 7 Gray, 550. This was clearly the intention of the parties, and there is no rule of law which prevents carrying this intention into effect. The Superior Court, therefore, rightly refused to give the rulings requested by the defendant.*

The defendant, having failed to give the notice necessary by the contract to terminate the lease, was liable under its covenants for the quarter's rent sued for, unless the plaintiff had accepted a surrender. This fact the jury found against the defendant, under proper instructions.

The only other question presented by the bill of exceptions is as to the ruling of the court refusing to permit the defendant to ask the plaintiff, on cross-examination, " whether he had let the rooms since the end of the quarter sued for, and what was their condition, and how they had been occupied since that time."

---

* The defendant asked the judge to rule that the lease, after the first two years, was a tenancy from year to year, and was merely a tenancy at will; that, to terminate such a tenancy, created to commence *in futuro*, no notice was by law necessary.

The fact that the plaintiff let or took possession of the premises during the second quarter of the third year might be competent evidence in a suit for the rent for that quarter, but we are unable to see that it had any tendency to show that he had accepted a surrender of the lease during the first quarter. It was immaterial upon any issue in this suit.

*Exceptions overruled.*

*J. P. Treadwell,* for the defendant.

*C. P. Greenough,* (*R. M. Morse, Jr.* with him,) for the plaintiff.