ELIZABETH CARLISLE *vs.* AUGUSTUS WEISCOPF.

Norfolk.    November 18, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant*, Construction of lease.

Where a lease of real estate was for two years beginning with September 1, 1912, and contained a provision that "this lease shall continue in full force and effect thereafter from year to year, until the Lessee shall on or before the first day of August in any year, give to the Lessor written notice of his intention to terminate this lease, on the first day of the following month, in which case the lease hereby created shall terminate in accordance with such notice," and no notice of termination has been given before April 1, 1920, the landlord could not terminate the tenancy by a notice to the tenant on that day to quit the premises on May 1, 1920.

SUMMARY PROCESS for the possession of a suite of rooms in an apartment building on Beacon Street in Brookline. Writ in the Municipal Court of Brookline dated May 6, 1920.

On appeal to the Superior Court, the facts were agreed upon by the parties, from which it appeared that the plaintiff, the successor in title to the lessor named in the lease described in the opinion, attempted to terminate the defendant's tenancy by a notice given

on April 1, 1920, to quit the premises on May 1, 1920. Other material facts are described in the opinion. At the request of the parties, the action was reported by *Hall, J.,* to this court for determination upon the pleadings and the agreed facts.

*R. W. Frost,* (*J. W. McCormack* with him,) for the plaintiff.

*J. F. Sullivan,* for the defendant.

BRALEY, J. The plaintiff contends that, the leasehold being for an indefinite period, an estate is created to be held at the will of the lessee, and, if at the will of the lessee, it also must be at the will of the lessor, and the notice to quit terminated the defendant's tenancy. See *Murray* v. *Cherrington,* 99 Mass. 229; *Gardner* v. *Hazelton,* 121 Mass. 494. The term demised is for "two years beginning with the first day of September, A. D., 1912, and this lease shall continue in full force and effect thereafter from year to year, until the Lessee shall on or before the first day of August in any year, give to the Lessor written notice of his intention to terminate this lease, on the first day of the following month, in which case the lease hereby created shall terminate in accordance with such notice." It is plain that no renewal was contemplated, and unless notice was given the lease continued in force for another year. As was said by Mr. Justice Morton in *Dix* v. *Atkins,* 130 Mass. 171, 172, "It is not a mere agreement to give a lease for a term to commence *in futuro,* but, upon the failure to give the . . . notice required to terminate the lease, it continued in operation, and was a lease *in presenti* for the third year," and each succeeding year thereafter until such notice had been given. *Cook* v. *Bisbee,* 18 Pick. 527. *Ainsworth* v. *Mount Moriah Lodge,* 172 Mass. 257.

The intention of the parties to bind themselves to the mutual performance of this covenant being clear, we know of no rule of law which prevents its enforcement. *Thayer* v. *Lapham,* 13 Allen, 26. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267. *DeFriest* v. *Bradley,* 192 Mass. 346. *Leavitt* v. *Maykel,* 203 Mass. 506. The plaintiff, who by purchase has succeeded to the title of the lessor makes no contention that she is not bound by its provisions as modified by the instrument of July 18, 1914, executed by herself and the defendant, which, after providing that the rent reserved "is changed from Twelve hundred dollars per year . . . to One thousand dollars per year . . . said reduction to commence

September 1, 1914, and payable in monthly instalments in advance," expressly declares, that "otherwise balance of lease to remain unchanged as to conditions and covenants." The defendant never having elected to terminate the tenancy, and having paid the rent as it fell due, the plaintiff's notice to vacate and deliver up the premises is without any legal effect. The present action to obtain possession therefore cannot be maintained, and the defendant is entitled to judgment.

*So ordered.*