RACHEL LEWENBERG *vs.* LEO FRIEDSTEIN.

Suffolk.   March 18, 1927. — April 5, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Construction of lease, Termination of term.

A lease contained the following provision: "To have and to hold the above described premises for the term of two years beginning with the first day of October, A.D. 1923 and this lease shall continue in full force and effect thereafter from year to year until one of the parties shall on or before the first day of August in any year give to the other party written notice of his intention to terminate this lease on the first day of the following October in which case the lease hereby created shall terminate in accordance with such notice." The lessee vacated on October 1, 1925, without giving any notice. *Held*, that

(1) Vacating the premises, without notice, before the end of the second year did not terminate the lease;

(2) The lessee's right to terminate the lease on October 1, 1925, depended upon his having given the notice described in the lease;

(3) The defendant remained liable for rent after October 1, 1925.

CONTRACT for rent alleged to be due under the provisions of the lease described in the opinion. Writ in the Municipal Court of the City of Boston dated January 6, 1926.

On removal to the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $1,198. The defendant alleged exceptions.

*T. M. Vinson*, for the defendant.

*B. Spinoza*, for the plaintiff.

SANDERSON, J. The defendant was lessee of certain premises under a written lease containing the following provision: "To have and to hold the above described premises for the term of two years beginning with the first day of October, A.D. 1923 and this lease shall continue in full force and effect thereafter from year to year until one of the parties shall on or before the first day of August in any year give to the other party written notice of his intention to terminate this lease on the first day of the following October in which case the lease hereby created shall terminate in accordance with such notice." The defendant left the premises before October 1, 1925, paying rent to that date but without giving any notice of his intention to terminate the lease.

The defendant contends that by the terms above quoted the lease was for a definite term of two years and that he was not required to give any notice if he left within that time. The plaintiff's contention is, that the defendant is liable for rent after the expiration of the second year because of his failure to give notice. The parties agreed to the amount to be recovered in case the defendant is liable.

In *Dix* v. *Atkins*, 130 Mass. 171, 172, the lease provided that "if, before the end of the said term, neither of the said parties shall give to the other three months' notice in writing of his intention to terminate this lease at the end of the said term, the said lease shall continue in force for another term of one year." The court held that this provision could not be construed as a mere covenant for renewal; that no renewal was contemplated by the parties and that unless the notice provided for was given, the lease was to continue in force for another term of one year. "It is not a mere agreement to give a lease for a term to commence *in futuro*, but, upon the failure to give the three months' notice required to termi-

nate the lease, it continued in operation, and was a lease *in presenti* for the third year." In *Carlisle* v. *Weiscopf*, 237 Mass. 183, the lease contained a provision similar to that in the case at bar. The tenant who held over after the term, contended that he was holding as a tenant at will. The court, following the principle stated in *Dix* v. *Atkins, supra*, held in effect that the lease was one from year to year until notice to terminate was given. It must therefore be held that vacating the premises before the end of the second year did not terminate the lease; that the lessee's right to terminate it on the first day of October, in the year 1925, depended upon his having given the lessor notice of his intention to terminate on or before the first of the previous August, and that the use of the word "thereafter," in the clause quoted, was not intended to relieve the party who wished to terminate the lease at the end of the second year from the obligation to give such notice.

The entry is to be

> *Exceptions overruled.*
> *Judgment for plaintiff in the sum of $1,198.*