MARY BOYLE O'REILLY *vs.* EDWARD H. FRYE.

Middlesex.     March 15, 1928.— April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Tenancy at will, Improvements. *Equity Jurisdiction*, To enjoin ejectment. *Equity Pleading and Practice*, Decree.

The owner of a house orally promised a tenant that he might occupy the house as long as he pleased at a certain rental, with an option to purchase. This promise was confirmed by a letter from the owner to the tenant, which also stated that taxes and repairs paid for by the tenant should be deducted from rent. The tenant occupied the house for nearly two years, paid the rent in full and also expended money for repairs and improvements on the property. The owner thereupon caused the tenant to be served with a notice to quit the premises. In a suit in equity by the tenant against the owner seeking to have the defendant enjoined from ejecting him and ordered to execute to him a lease with a renewal clause and option to purchase, and to credit his account for rent with the sums expended for repairs and improvements, a final decree was entered dismissing the bill. *Held*, that

(1) The agreement of the parties made the term of the tenancy determinable at the will of the lessee, and therefore at the will of both parties;

(2) Either party might terminate the agreement by giving the statutory notice;

(3) The plaintiff was not entitled to the lease he sought.

(4) No error was shown in leaving the plaintiff to his action at law to seek recovery for the expenditures for repairs and improvements;

(5) The final decree should be modified by providing that it was made without prejudice to the plaintiff's right, if any, to recover for such expenditures or to enforce any other rights which he might have under the agreement.

BILL IN EQUITY, filed in the Superior Court on September 9, 1927, seeking the relief stated in the opinion.

The suit was heard by *Hammond,* J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed. Material facts found by the judge are stated in the opinion.

The case was submitted on briefs.

*J. H. Vahey & C. H. Morris,* for the plaintiff.

*J. W. Tuttle,* for the defendant.

SANDERSON, J. This is a bill in equity in which the plaintiff seeks to have the defendant enjoined from ejecting her from certain premises, restrained from conveying the same, ordered to execute to her a lease of the premises for one year with a renewal clause and option to purchase, and to credit her account for rent with the sums expended by her for repairs and improvements.

In the fall of 1925 the defendant, being the owner of a house in Newton, orally promised the plaintiff that she might occupy it as long as she pleased at a rental of $40 a month, with an option to purchase. Thereafter the plaintiff moved into the house, has continued to occupy it, paid the stipulated rent in full, and has also expended about $1,400 for repairs and improvements upon the property. In February, 1926, the defendant sent the plaintiff a letter in part as follows: ". . . it is my earnest desire that you remain in occupancy of the property 'ad libitum' until such time as you may choose to vacate the same . . . your only obligations will be the amount paid for rental of property as at present writing and payment of taxes and repairs, *said taxes and repairs to be deducted from rent,* also the option to purchase at any time (if so desired) at a price approximate with

the assessed valuation at the time"; and stating that this written confirmation of his oral promise was made to protect the plaintiff from any interference after his death and that he would make a clause in his will to protect her. The judge found that this letter correctly stated the oral promise. In August, 1927, the defendant caused the plaintiff to be served with notice to quit the premises.

The agreement of the parties made the term of the tenancy determinable at the will of the lessee. Such a tenancy "must, in law, be at the will of both parties." *Cheever* v. *Pearson*, 16 Pick. 266, 272. *Gardner* v. *Hazelton*, 121 Mass. 494. *Murray* v. *Cherrington*, 99 Mass. 229. See also *Carlisle* v. *Weiscopf*, 237 Mass. 183, 184. Either party may terminate it by giving the statutory notice, G. L. c. 186, § 12, and the plaintiff is not entitled to the written lease for a year for which she asks. The plaintiff does not allege that she has offered to buy the property and, so far as the record discloses, the defendant has not refused to make a conveyance of it to her. There is no occasion for deciding whether the part of the agreement relating to purchasing the property is valid. There are no facts found which show that the judge erred in refusing the equitable relief sought or in leaving the plaintiff to her action at law to seek recovery for expenditures for repairs and improvements made by her. The decree dismissing the bill should be modified by providing that it is made without prejudice to the plaintiff's right, if any, to recover for these expenditures or to enforce any other rights which she may have under the agreement and, as so modified, it is affirmed.

*So ordered.*