ARBY I. BERMAN *vs.* GEORGE P. SHAHEEN & others.

Suffolk.   October 9, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Tenancy at will.

An instrument in writing signed by the owner of certain land and delivered to a tenant recited: "Received of . . . [the tenant] Fifty ($50.00) dollars for the use of [the] land . . . [properly described] to be used by him as an Auto Park, this Fifty ($50.00) dollars is to apply for the month of May 1928, and . . . [the tenant] agrees to pay Fifty dollars each month, And it is further agreed that . . . [the tenant] is to use the said land for an Auto Park and I will protect the rights of . . . [the tenant] for three years against the claims of other and for such time until the said land is sold." *Held,* that

(1) The agreement to protect the rights of the tenant against claims for three years and for such time until the land was sold could not be construed to bind the parties to a tenancy for a definite period;

(2) As the instrument fixed no certain time for the termination of the tenancy and did not purport to bind the tenant for any definite term, it was not a lease for a term; and the tenant was but a tenant at will;

(3) The tenant could not maintain a suit in equity in 1929 to restrain a lessee of the owner under a lease in writing from evicting him.

BILL IN EQUITY, filed in the Superior Court on April 30, 1929, and described in the opinion.

The suit was heard by *Gibbs*, J. Material facts are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*E. A. Gorman*, for the plaintiff.

*J. F. Barry*, (*E. Carr* with him,) for the defendants.

SANDERSON, J. This is a bill brought to restrain the

defendants from evicting the plaintiff from a vacant lot which he holds under an instrument alleged to be a lease, signed by Helen A. Sullivan, who was a coöwner of the property with Michael Sullivan. The instrument contains the following terms: " Boston, Mass. May 1 1928 Received of Arby I. Berman Fifty ($50.00) dollars for the use of land numbered 90 to 110 Kneeland Street, Boston, Mass. to be used by him as an Auto Park, this Fifty ($50.00) dollars is to apply for the month of May 1928, and Arby I. Berman agrees to pay Fifty dollars each month, And it is further agreed that Arby I. Berman is to use the said land for an Auto Park and I will protect the rights of Arby I. Berman for three years against the claims of other and for such time until the said land is sold." The allegation in the bill filed April 30, 1929, that the defendant Sullivan had recently leased the premises to the defendant Shaheen was admitted by the answer. The judge found that the instrument was not a lease in law and ordered the entry of a final decree dismissing the bill. He also found that Helen A. Sullivan was the duly authorized agent of Michael Sullivan, and that her act in signing the paper was binding on him. From the finding and order for a final decree and from the final decree dismissing the bill the plaintiff appealed.

The plaintiff's right to maintain the suit depends upon the question whether the writing vested in him an estate for years. The agreement to protect the rights of the plaintiff against claims for three years and for such time until the land is sold could not be construed to bind the parties to a tenancy for a definite period. The instrument fixed no certain time for the termination of the tenancy and purported to bind the tenant for no definite term. The relationship created between the parties was a tenancy at will and the case is controlled in principle by *Murray* v. *Cherrington,* 99 Mass. 229, in so far as the term is concerned. See also *O'Reilly* v. *Frye,* 263 Mass. 318, 320.

The ground upon which this decision rests makes it unnecessary to consider the appeals of the defendants.

*Decree affirmed with costs.*