SOUTH STREET INN, INC. *vs.* BYRDIE MUEHSAM.

Berkshire.     September 21, 1948. — October 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Landlord and Tenant,* Term of lease, Recording of lease, Lease for more
than seven years. *Notice. Real Property,* Recording and registration.
*Words,* "Actual notice."

A lease, providing that it should be "for the term of one year or more
from" a specified date "and from year to year thereafter unless notice
in writing is given by the lessee to the lessor sixty . . . days before
the expiration hereof," and that in the absence of such notice "this

lease is to remain in full force and effect for another year and so on, from year to year, until said notice in writing is given," was a lease "for more than seven years from the making thereof" within G. L. (Ter. Ed.) c. 183, § 4, as appearing in St. 1941, c. 85.

An unrecorded lease for more than seven years was invalid under G. L. (Ter. Ed.) c. 183, § 4, as appearing in St. 1941, c. 85, as against one to whom the lessor conveyed the leased premises and who at the time of delivery of the deed knew of the existence of the lease and the rent stated therein but did not have any knowledge of its provisions fixing its term: the grantee did not have "actual notice" within the statute.

BILL IN EQUITY, filed in the Superior Court on February 25, 1947.

The suit was heard by *Goldberg*, J.

*J. F. Donna*, for the defendant.

*J. M. Rosenthal*, (*J. B. Cummings & W. E. Reilly* with him,) for the plaintiff.

LUMMUS, J. One Bunnell, the owner of an apartment house in Pittsfield, on June 29, 1938, gave to the defendant a lease of apartment numbered 140 therein. The lease was "for the term of one year or more from and including August 1, 1938, and from year to year thereafter unless notice in writing is given by the lessee to the lessor sixty (60) days before the expiration hereof." It was provided that in the absence of such notice "this lease is to remain in full force and effect for another year and so on, from year to year, until said notice in writing is given." No such notice has ever been given. The lease was never recorded.

On October 1, 1941, said Bunnell conveyed said apartment house by warranty deed to the plaintiff corporation. The deed made no mention of the lease. The plaintiff brought this bill under G. L. (Ter. Ed.) c. 231A (St. 1945, c. 582, § 1), to obtain a declaration as to the validity and effect of the lease as against its rights under the deed. The bill alleged and the judge found the following facts: "At the time of the delivery of said deed, the plaintiff knew that the defendant had a lease to said apartment 140, and the rental thereof set forth in said lease. The plaintiff, its agents, or servants, did not at the time of or up to and including the delivery of said deed have any knowledge or actual notice of the terms set forth in said lease, or any

of the contents thereof, except such rental sum. Specifically, it had no knowledge or actual notice of the provisions of said lease relative to its termination by notice of the lessee to the lessor."

The judge ruled that the lease was one for more than seven years, that the plaintiff did not have actual notice of the lease, that the lease is not valid against the plaintiff, and that the defendant is only a tenant at will of the plaintiff. He entered a decree accordingly. The defendant appealed.

By G. L. (Ter. Ed.) c. 183, § 4, a lease for more than seven years from the making thereof, shall not be valid as against any person, except the lessor, his heirs and devisees and persons having "actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies." The foregoing provision is carried forward unchanged in St. 1941, c. 85. The term of the lease continued until terminated by notice from the lessee according to its provisions. *Dix* v. *Atkins*, 130 Mass. 171. *Carlisle* v. *Weiscopf*, 237 Mass. 183. *Spring* v. *Leahy*, 254 Mass. 614. *Lewenberg* v. *Friedstein*, 259 Mass. 146. Since that term at the option of one party might extend for more than seven years from the making of the lease, the lease was one "for more than seven years from the making thereof," within the statute. *Toupin* v. *Peabody*, 162 Mass. 473. *Leominster Gas Light Co.* v. *Hillery*, 197 Mass. 267, 268. *Marble* v. *Clinton*, 298 Mass. 87, 89.

The requirement of "actual notice" means more than the knowledge of facts that would put a grantee upon inquiry (*McCarthy* v. *Lane*, 301 Mass. 125, 128) and more than is generally required to subject a grantee to existing equitable rights. *Cunningham* v. *Pattee*, 99 Mass. 248.

We are of opinion that the "actual notice" that the statute requires is not merely actual notice that a lease exists, but also actual notice that it is a lease for more than seven years. See *Lamb* v. *Pierce*, 113 Mass. 72. On the facts found, the plaintiff had no such actual notice.

*Decree affirmed with costs.*