## FIRST NAT. BLDG. CORPORATION v. HARROD.
### No. 3804.

United States Court of Appeals
Tenth Circuit.

May 14, 1949.

R. C. Jopling, Jr., Oklahoma City, Okl. (Earl Pruet, F. M. Dudley, and Richardson, Shartel, Cochran & Pruet, Oklahoma City, Okl., on the brief), for appellant.

Fred E. Suits, Oklahoma City, Okl. (James D. Fellers and Charles N. Berry, Jr., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

On November 7, 1932, The First National Building Corporation[1] entered into a written lease with J. Q. A. Harrod and Laynie W. Harrod by which it leased to the Harrods part of room 10 and all of room 11 on the fourteenth floor of its office building in Oklahoma City, Oklahoma, at a rental of $1,200 per annum, payable in monthly installments of $100 each. The lease provided that it should run for a term of five years commencing December 1, 1932, and ending November 30, 1937. It further provided:

---

[1] Hereinafter called the Building Corporation.

"This lease shall at the expiration of the above mentioned term, be renewed for a like term, and shall at the expiration of any renewal of said term, be renewed for an additional term upon the same conditions as herein specified; provided however, that should either party hereto desire to terminate this lease at the expiration of the above mentioned term, or at the expiration of any renewal thereof, the party so desiring to terminate the same may do so in its absolute discretion by serving upon the other party a written notice to that effect at least thirty days before the expiration of said term, * * *."

Attached to the lease was a written rider executed by the Building Corporation and the Harrods which in part read:

"(d) It is further specifically agreed and understood that the said J. Q. A. Harrod and Laynie W. Harrod, or either or both of them, may, at the expiration of this contract, have an option to renew this lease contract for any period of time they so desire at the same stipulated price of $100.00 per month. In other words, it is specifically agreed and understood that the said J. Q. A. Harrod and Laynie W. Harrod, or either of them, is to have said space at an agreed stipulated rental of $100.00 a month as long as they desire to keep it."

The rider further provided that either of the Harrods might terminate his part of the obligation under the lease by giving the 30-days written notice provided for in the lease, but that the exercise of such right by one should not affect the right of the other under the lease. The rider was prepared by the Harrods.

The Harrods continued in the occupancy of the leased premises until the death of J. Q. A. Harrod on May 29, 1946. Thereafter, Laynie W. Harrod continued to occupy the premises. The rental register of the Building Corporation showed a five-year term from December 1, 1932, to November 30, 1937, an additional five-year term from December 1, 1937, to November 30, 1942, and an additional five-year term from December 1, 1942, to November 30, 1947. No written renewals were executed by the parties. On October 21, 1947, the Building Corporation served a written

notice on Laynie W. Harrod that the lease would terminate on December 1, 1947, and demanded possession of the leased premises on that date. Laynie W. Harrod continued in the occupancy of the leased premises and on April 1, 1948, the Building Corporation brought this action seeking a declaratory judgment adjudicating that Laynie W. Harrod was a tenant at will and that by virtue of the notice, such tenancy was terminated on December 1, 1947.

Laynie W. Harrod testified that in November, 1937, he told the manager of the Building Corporation that he intended to occupy the leased premises the rest of his life; that in August, 1947, the manager of the Building Corporation told him his lease was up December 1; that he replied, "No, my lease is not up. I have got a lease to stay here as long as I want to * * * that's what we intended in the beginning"; that in 1943 or 1944, he told an agent of the Building Corporation that "he was going to stay there the rest of his life."

Grace Lemore, an employee of the Harrods, testified that J. Q. A. Harrod told the manager of the Building Corporation in November, 1937, that he was going to remain in the occupancy of the leased premises "as long as I practice law."

The trial court held that under the terms of the rider, the Harrods had the right "to renew the lease for life, or lesser years, at the expiration of the original term and a reasonable time thereafter," and that the lease was renewed at the end of the original term for the life of Laynie W. Harrod, and entered judgment accordingly, and the Building Corporation has appealed.

In Clifford v. United States Fidelity & Guaranty Co., 119 Okl. 133, 249 P. 938, 941, the court said:

"The courts have also uniformly held that the word 'renewal,' as used in that clause of a lease giving the lessee an option of renewal, imports and requires the execution of a new lease. Taylor on Landlord and Tenant, § 332.

"In the case of Grant v. Collins, 157 Ky. 36, 162 S.W. 539, Ann.Cas.1915D, 249, it is said:

" 'There is a distinction between a stipulation in a lease to renew it for an additional term and one to extend it, in that a stipulation to renew requires the making of new lease, while one to extend does not.' "

█ While the Oklahoma court was there dealing with the renewal of an indemnity agreement, the statement with respect to the renewal of a lease is in accord with the weight of authority.[2]

16 Okl.St.Ann. § 4 provides "No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; * * *."

If, in order to give effect to that provision of the rider which gave the Harrods the option to renew the lease for such period as the Harrods should desire, it was necessary to execute a new lease, the oral agreement to renew the lease was invalid. If, on the other hand, it was the intention of the parties that by virtue of the original lease agreement and the rider attached thereto, the Harrods were given the right to occupy the leased premises for the original term and as long thereafter as they should desire to keep it, which seems to be the import of the language following the phrase "in other words," and the construction placed on the rider by the Harrods, as indicated by the testimony of Laynie W. Harrod, then it becomes necessary to interpret the phrase "as long as they desire." In Woods v. Davis, 155 Okl. 6, 7 P.2d 905, the court construed a lease containing the provision that the lessees "may occupy the property so long as they desire it at a ren-

tal of $90.00 per month." The court applied 15 O.S.1941 § 173, which provides in part: "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed," and held that the lease was for "a reasonable length of time" to be determined under the existing facts and circumstances.

█ Accordingly, we conclude that a construction of the language of the rider most favorable to the Harrods requires us to hold that the provision "as long as they desire" was for a reasonable time to be determined under the existing facts and circumstances.

██ Provisions in the lease for renewal or extension must be certain, in order to render them binding and enforceable. If we construe the rider as giving the Harrods the right to renew or extend the lease "for any period of time they so desire" or "as long as they desire to keep it" other than a reasonable time to be determined under the existing facts and circumstances, then such provision is void for uncertainty.[3]

█ The agreement of the Harrods to pay rental, and the monthly installments of rent paid by them, constituted a consideration for the covenant in the rider which gave them the right to cancel the lease. The contract, therefore, was not lacking in mutuality.[4]

Reversed and remanded with instructions to vacate the judgment, grant a new trial and determine what would constitute a reasonable time for Laynie W. Harrod to occupy the leased premises after the expiration of the original term.

[2] Am.Jur., Landlord and Tenant, Vol. 32, § 956, p. 805; 51 C.J.S., Landlord and Tenant, § 69, p. 617.

[3] Barnes v. Saleeby, 177 N.C. 256, 98 S.E. 708, 710; Western Transportation Co. of City of Buffalo v. Lansing, 49 N.Y. 499, 504–508; Anderson v. Hall, 155 S.C. 320, 152 S.E. 521. Cf. O'Reilly v. Fry, 263 Mass. 318, 160 N.E. 829, 830; Shorter v. Shelton, 183 Va. 819, 33 S.E. 2d 643, 645; Lewis v. Dothan Drug Co., 247 Ala. 279, 24 So.2d 119, 122; Beauchamp v. Runnels, 35 Tex.Civ.App. 212, 79 S.W. 1105, 1106.

[4] Meurer Steel Barrel Co. v. Martin, 3 Cir., 1 F.2d 687; Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 90–92, 3 A.L.R. 352.