## EHRLICH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4619.

United States Court of Appeals
First Circuit.

July 14, 1952.

Harry M. Ehrlich, Springfield, Mass. (J. Leo Dowd, Springfield, Mass., on brief), for petitioner.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Washington, D. C., Acting Asst. Atty. Gen., on brief), for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition for a review of the decision of the Tax Court of the United States rendered on August 28, 1951, determining a deficiency in income taxes for the year 1947 of $5,302.31. 10 T.C.M. ¶ 18,485 (M), ¶ 51,248 P-H T.C Memo.

Jurisdiction of this Court is invoked under § 1141(a) of the Internal Revenue Code, as amended, 26 U.S.C. § 1141(a).

The question presented is where a taxpayer, who occupies premises under a lease for one year and after the expiration of that period until terminated by a written notice of thirty days, without any notice of termination having been given during the taxable year, makes expenditures during the year to rehabilitate the premises, whether the amounts so spent constitute ordinary and necessary expenses deductible under § 23(a) (1) (A) [1] of the Internal Revenue

---

1. 26 U.S.C. 1946 ed.

"§ 23. *Deductions from gross income.*

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.*

"(1) *Trade or business expenses.*

"(A) *In general.*

"All the ordinary and necessary ex-

Code, or capital expenditures under § 24(a)(2).[2]

The pertinent facts here are: the taxpayer, an individual residing in Springfield, Massachusetts, filed his income tax for the taxable year 1947 with the Collector of Internal Revenue for the District of Massachusetts. During 1947 he held certain real property under a written lease which provided in part: "This lease shall take effect and the term hereby demised shall begin on the 1st day of December 1946, and shall continue for the term of one (1) year beginning with said date and after the expiration of said term until terminated on any day by a written notice of thirty (30) days given by either of the parties hereto to the other of an intention to terminate it. * * *" The lease was entered into October 21, 1946 and the lessee entered into possession on December 1, 1946. The lease was not terminated during 1947 and there is no evidence to show that any notice of intention to terminate was given by either parties during 1947. As of April 1, 1948 the lease to the petitioner was terminated and on April 8, 1948 the property was leased for a term of fifteen (15) years, beginning April 1, 1948, to a corporation which the petitioner entirely controlled. The petitioner guaranteed the performance of the provisions of the April 8, 1948 lease.

The property subject to the lease was alongside a railroad siding and included a parcel of land upon which there was a building and platform. The building was unoccupied at the time the 1946 lease was entered into and was in very bad condition. It had practically no roof, very poor flooring, and very poor platforms. At that time the building was not usable as a warehouse or for any other purpose. During 1947 the taxpayer made expenditures, which are itemized in the Tax Court Findings, aggregating $7,366.34, in order to make the building rentable and suitable for use as a warehouse. In his income tax return the taxpayer apparently deducted from gross income a sum larger than the total of $7,366.34; the Commissioner, in determining a deficiency, disallowed $7,366.34 as ordinary and necessary business expenses, but capitalized that amount and allowed depreciation thereon at the rate of 5% for one-half the year, 1947, in the amount of $184.16.

The taxpayer filed a petition for a redetermination of the deficiency asserted by the Commissioner with the Tax Court which upheld the determination by the Commissioner.

The points upon which the petitioner relies are that the Tax Court erred (1) in holding that the lease in question was a lease for an indefinite term and was in existence as a lease after December 1, 1947; (2) in finding that the deductions taken by the petitioner as expenses and repairs were to be considered as capital investments and to be deducted by way of depreciation over the term of the lease, and (3) in the refusal to find that the petitioner was entitled to deduct the sum of $7,366.34 as expenses and repairs.

The petitioner argues that his term as lessee had expired within the calendar year of 1947 and that he occupied thereafter as a tenant at will and that where the repairs and improvements are made by such a lessee, such repairs and improvements may

penses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * *"

2. "§ 24. Items not deductible
"(a) General rule.
"In computing net income no deductions shall in any case be allowed in respect of—
* * * * *
"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate; * * *."

be deducted within the taxable year, if the lease under which the taxpayer occupies is terminated during that year.

The Tax Court in its Memorandum Findings of Fact and Opinion found: "* * * On December 31, 1947, petitioner was in possession of the demised premises as a lessee for an indefinite period. * * *" The petitioner states "there is no such tenancy or lease to be found within the law of landlord and tenants in Massachusetts."

In South Street Inn, Inc., v. Muehsam, 1948, 323 Mass. 310, 81 N.E.2d 821, 822: "The lease was 'for the term of one year or more from and including August 1, 1938, and from year to year thereafter unless notice in writing is given by the lessee to the lessor sixty (60) days before the expiration hereof.' * * *" The court said: "The term of the lease continued until terminated by notice from the lessee according to its provisions." In the instant case neither the lessee nor lessor gave notice in 1947 of intention to terminate the lease according to its provisions. The term of the petitioner is somewhat similar to the term in that case. See also Carlisle v. Weiscopf, 1921, 237 Mass. 183, 129 N.E. 375.

The petitioner did not elect to terminate the tenancy in 1947 and his objection to the finding of the Tax Court in this regard is rather technical and without merit in view of the holding in the Muehsam case, supra. The term of the lease here would continue until terminated by the lessee or lessor according to the provisions of the lease. The reality of the situation is that the lease of the petitioner did not terminate in 1947 as the petitioner argues.

The Tax Court said in its opinion:

"* * * The renovation of the building located on the leased premises was undertaken to make it rentable as a warehouse. Much of the work done was clearly in the nature of permanent betterments and as such would not be deductible by petitioner as an expense of carrying on his business. * * * For prior to the time they were made the building was unusable for any purpose. True, some part of the expenditures may have been made for work that would ordinarily be characterized as repairs when taken separately. However, such a separation may not be made here. Each item of expense was an integral part of the over-all renovation and permanent betterment of the building and must be considered a part of the entire capital investment therein. * * *"

In George H. Bowman Co. v. Commissioner of Internal Revenue, 59 App.D.C. 13, 32 F.2d 404, at page 406, a case somewhat like the instant case, the court said:

"The law makes no distinction between an owner and a tenant. If the owner is operating the property and makes repairs, the cost may be deducted from his income and profits taxes for the current year. If, however, the improvements are permanent, he may only deduct for the proportionate amount as depreciation. The same rule applies, and should apply to a tenant operating a property for profit. If the improvement he makes amounts merely to repairs, the same rule of deduction would apply as in the case of the owner. If, on the other hand, the improvement which he makes for his own use and convenience is permanent, he should be required to comply with the rule of depreciation as adopted in this case."

We cannot say upon the entire record that the findings of fact of the Tax Court are clearly erroneous or that it erred in its conclusion in the circumstances here. Rule 52(a), Federal Rules Civ.Proc. 28 U.S.C.A. See Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665.

The decision of the Tax Court is affirmed.