*Northern District*
No. 6510

**IRVING LEIGHTON** and another,
Trustees of Mair Trust

v.

**ROBERT V. ZIMINSKY,**
and Trustee

Argued 9/27/67 Decided 11/20/67

*Present*: Brooks, P.J., Yesley, Durkin, J.J.

Case tried to *Connolly, J.*, in the Third District Court of Eastern Middlesex. No. 544 of 1965.

*Yesley, J. This is an action for rent under a written lease and* for an attorney's fee as therein provided in the event of suit for over-due rent.

The facts are not in dispute. The defendant executed, as tenant, a lease from M.R.S. Cor-poration, as landlord, of an apartment in a building in Lowell, Massachusetts "for six months beginning January 25, 1964" at a rental of $105.00 per month. There was a provision that:

> "This lease shall automatically renew and continue thereafter from month to month until either party shall give written notice on or before the first day of July, 1964 terminating this lease as of the last day of July, 1964".

The lease was never signed by the lessor. The defendant took occupancy of the premises and paid the monthly rent called for in the

lease, in advance, starting with January 25, 1964 and ending with a payment on October 23, 1964 for the month commencing on October 25, 1964. The trial justice found that such occupancy was under the lease.

M.R.S. Corporation on October 23, 1964, sold the premises to the plaintiffs, assigning the lease to them and accounting to them for the rent which it had received from the defendant for the month beginning October 25, 1964. The defendant did not learn of the sale until notified by the plaintiffs some days later. On November 24, 1964 the defendant vacated the premises without giving the plaintiffs any written notice. This action is to recover rent for the two months beginning on November 25 and December 25, 1964, respectively, plus an attorney's fee as aforestated. The trial justice found for the plaintiffs.

In his brief and oral argument the defendant stated the only issue before us is whether the trial justice erred in denying his request that "upon all the law and evidence the defendant was not bound by the lease as between the plaintiffs and the defendant". His claim of error is based on the contention that at the time of the sale of the building he was occupying the apartment as a tenant at will, in which event such tenancy was terminated by the sale even though the defendant had no notice of the transfer of title (*Souza* v. *Becker,* 302 Mass. 28, 30; *Auld* v. *Jordan,* 340 Mass. 228, 229;

*Marsh* v. *Goldstein,* 341 Mass. 83, 85) and he became a tenant at sufferance (*Gavin* v. *Durden Coleman Lumber Company,* 229 Mass. 576, 578, 579); and since he had paid for occupancy through November 24, 1964, the date on which he vacated the premises, he owed no rent.

The crucial question for determination then is whether the defendant at the time of the sale was a tenant at will as thus contended or held as a tenant under the lease as contended by the plaintiffs, in which event it is not disputed that the defendant would be liable for the rent and attorneys' fees as sued.

 For there to exist an estate for years under a lease there must be a demise for a definite term. *Berman* v. *Shaheen,* 273 Mass. 343, 344; *Elm Farm Foods Co.* v. *Cifrino,* 328 Mass. 549, 552; otherwise only a tenancy at will results, *Farris* v. *Hershfield,* 325 Mass. 176, 177. In the lease at bar a definite term of six months from a date certain was demised. Then followed an automatic renewal clause. Such a clause does not of itself render the term indefinite so as to create a tenancy at will after the expiration of the original term. *Carlisle* v. *Weiscopf,* 237 Mass. 183, 184 (where the lease contained a clause for automatic renewal from year to year until terminated by the lessee on September 1st of any year by at least one month's notice); *Lewenberg* v. *Friedstein,* 259 Mass. 146, 148 (where the lease contained a clause for automatic renewal from year to

year until terminated by either party on August 1st of any year by notice of not less than two months); *Elm Farm Foods Co.* v. *Cifrino,* supra at page 552 (where the lease contained a clause for automatic renewal from month to month until terminated by either party by sixty days' notice).

The term in such instance continues beyond the original term until ended by notice as provided in the lease. *Carlisle* v. *Weiscopf,* supra at page 184; *Elm Farm Foods Co.* v. *Cifrino,* supra at page 552. See also *South Street Inn, Inc.* v. *Muehsam,* 323 Mass. 310, 312.

It is to be noted that in each of the cited cases there was provided a method for termination of the automatically renewed term. In the case at bar, however, the provision for termination reads as follows: "from month to month until either party shall give written notice on or before the 1st day of July, 1964, terminating this lease as of the last day of July, 1964". To terminate the lease under this provision, a party was required to give notice on or before the first day of July, 1964, in which event the term would end six days after the original term. However, if neither party gave notice by that day the term there after continued "from month to month", without any specified mode of termination, thus creating an indefinite term, *Berman* v. *Shaheen,* supra, at page 244; *Farris* v. *Hershfield,* supra at

page 177, and resulting in a tenancy at will. *Murray* v. *Cherrington,* 99 Mass. 229, 230; *Foley* v. *Gamester,* 271 Mass. 55, 57. The same result would follow if the renewal clause were construed to be ineffective due to the inappropriate and virtually self-defeating language thereof, in which event the lease would have expired at the end of the original six month term, namely, on July 25, 1964. It was error, therefore, to deny the defendant's request that he was not bound by the lease.

The plaintiffs raise a procedural point, contending that the report should be dismissed by reason of the absence of a specific reference to the requested ruling and the denial thereof in the clause stating the appellant's grievances. In support of this they cite *Almeida* v. *Alsdorf,* 291 Mass. 115. The grievance clause reads as follows: "The defendant being aggrieved by the Court's decision. . . ". Rule 28 of the Rules of the District Court requires that the draft report "set forth. . .the rulings upon which the party seeking the report has requested a re-hearing by the appellate division". The report does set forth the rulings requested by the appellant and the trial justice's rulings thereon, — which was not so in the *Almeida* case. We note that at no time was this matter brought to the attention of the trial justice by motion to dismiss the report. See Rule 28, paragraph entitled "Dismissal of Draft Reports". While we do agree that a

clearer statement in a report of a party's grievance than appears here is desirable (see model report appended to Rule 28), we do not feel that we should be precluded from consideration of the issues on the merits.

The finding for the plaintiffs is ordered vacated and **judgment is to be entered for the defendant.**

GOODMAN & GREEN,
 for Plaintiffs
THOMAS D. KENNA, JR.,
 for Defendant