EDGAR N. JAYNES AND WIFE, NELL LEE JAYNES v. ERNEST LAWING AND WIFE, JENNIE LEE LAWING

No. 7129DC664

(Filed 17 November 1971)

1. **Landlord and Tenant § 13— lease for a definite term of years — termination of lease**

   A lease which provided for a definite term of fifteen years and gave the lessee the right to terminate the lease upon thirty days' notice after the expiration of the first year does not authorize the landlord, in the absence of express language in the lease, to terminate the lease upon thirty days' notice to the lessee.

2. **Landlord and Tenant §§ 13, 15— lease for definite term of years — option to terminate lease — tenancy at will**

   A properly executed lease for a definite term of years is not converted to a tenancy at will solely by virtue of the fact that it contains an option to terminate it by one party without a corresponding option in favor of the other party.

APPEAL by plaintiffs from *Gash, District Judge,* 19 July 1971 Session of District Court held in HENDERSON County.

After a hearing, the trial court, under date of 21 July 1971, allowed defendants' motion for judgment on the pleadings as provided in G.S. 1A-1, Rule 12(c) on the grounds that plaintiffs' complaint failed to state a claim on which relief could be granted. From the judgment entered, the plaintiffs appealed.

*Prince, Youngblood, Massagee & Groce by Kenneth R. Youngblood and Edwin R. Groce for plaintiff appellants.*

*Bennett, Kelly & Long by E. Glenn Kelly for defendant appellees.*

MALLARD, Chief Judge.

[1]   Plaintiffs seek to recover possession of certain real estate from defendants. Plaintiffs allege in their complaint, which was filed 7 November 1966, that defendants entered into possession thereof on 9 March 1964 under a lease agreement. It is not alleged that any installment of rent was unpaid or that the defendants have breached any of the provisions of the lease. It is alleged, however, that "said lease in paragraph (i) granted to the Defendants the right of termination at any time after one year from the date of the agreement and that said provision in law is granted also to the Plaintiffs. That after one year from the date of said lease the Plaintiffs notified the Defendants in writing and otherwise of their intention to terminate the lease as of 1 May, 1965, or sooner if desired by the Defendants."

The lease, which was attached to and made a part of the complaint, was properly executed and acknowledged and was for the definite term of fifteen years beginning as of 1 March 1964. It also gave the defendants the option to purchase the premises described at any time during the term of the lease and further provided that the defendants pay to the plaintiffs a monthly rental of $300. The lease also contained the following provision:

> "(i)  If parties of the SECOND part have paid all install-ments of rental theretofore due and have done and per-formed all matters and things herein specified to be done and performed by them, they may at any time after one year from the date hereof terminate this lease by giving to the parties of the first part thirty (30) days' written notice of their intention so to do."

Plaintiffs contend that under the above-quoted provision, a tenancy at will, terminable at the will of either party, was created after the first year, and that the trial judge committed error in allowing defendants' motion for judgment on the plead-ings. The cases cited by plaintiffs in support of their contentions are distinguishable.

The language the parties used to express their agreement relating to termination is clear. There is no ambiguity. If the parties had intended that the plaintiffs (lessors) have the right to terminate the lease upon thirty days notice after the expira-tion of one year, it would have required no great effort to so

state. The only expressed provision relating to the termination of the lease by the plaintiffs was that if any installment of rent was overdue and unpaid for thirty days, they could, during such default, declare the lease terminated.

In 49 Am. Jur. 2d, Landlord and Tenant, § 75, it is stated:

"Moreover, where a lease is for a definite term of years and complies with the formal requisites of such a term, it creates a tenancy for years, and not a mere tenancy at will, even though it is made terminable at the option of the lessee, such a lease not being within the application of the foregoing broad rule that a lease or estate at the will of one of the parties is equally at the will of the other."

In 51C C.J.S., Landlord & Tenant, § 91, it is stated:

"An agreement is not invalid although it gives the lessor or the lessee alone the right to terminate the lease. The common-law rule . . . that an estate at the will of one party is equally at the will of the other, does not render a lease granting such an option to one of the parties terminable at the option of the other party."

[2] A properly executed lease for a definite term of years is not converted to a tenancy at will solely by virtue of the fact that it contains an option to terminate it by one party without a corresponding option in favor of the other party. See 49 Am. Jur. 2d, Landlord and Tenant, § 999; Annot. 137 A.L.R. 362; *First Nat. Bldg. Corporation v. Harrod,* 175 F. 2d 107 (1949).

[1] We hold that the provisions of the lease, permitting the defendants (lessees) to terminate it after one year upon thirty days written notice, did not create a tenancy at will and did not give the plaintiffs (lessors), as a matter of law, the option of terminating the lease and repossessing the property. The trial judge did not commit error in allowing the defendants' motion for judgment on the pleadings under the provisions of G.S. 1A-1, Rule 12(c).

Affirmed.

Judges HEDRICK and GRAHAM concur.