HELEN C. FOLEY *vs.* RICHARD G. GAMESTER.

Middlesex.    March 6, 1930. — March 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Tenancy at will.

In this Commonwealth, it is settled that, where the lessee of land is not
  bound for any definite period and is at liberty at any time to termi-
  nate the tenancy, the estate is not a term of certain duration; and,
  as the lessee is not bound to remain for any definite period, the land-
  lord is not prevented from ending the relation at will.   Per CARROLL, J.
An instrument in writing, signed by the owner of land, "party of the
  first part," only, wherein he recited that he "has letten and demise
  to the said party of the second part" certain land "for as many years
  as desired by the party of the second part" at a specified yearly rental,
  creates only a tenancy at will; and a subsequent grantee of the fee
  of the premises has a right, after a reasonable notice to quit, to main-
  tain an action of summary process under G. L. c. 239 against the
  lessee.

SUMMARY PROCESS.    Writ in the Fourth District Court
of Eastern Middlesex dated April 11, 1929.

On appeal to the Superior Court, the action was heard
by *Whiting,* J., without a jury, upon an agreed statement
of facts.    Material facts are stated in the opinion.    The
judge found "for the plaintiff for possession."    The de-
fendant alleged exceptions.

*W. S. Thompson,* for the defendant.

*R. J. Cook,* (*L. R. Chamberlin* with him,) for the plaintiff.

CARROLL, J.    This is an action of summary process to
recover possession of land in Woburn under G. L. c. 239.
On November 1, 1926, Minnie A. McCall, the owner of the
land, signed and delivered to the defendant an instrument
whereby she "has letten and demise to the said party of
the second part," the defendant, the land in question
"for as many years as desired by the party of the second
part [the defendant], from the [—] day of Nov. . . .
(1926), at the yearly rent" of $300.  According to the
agreed facts, "Soon after the date of the above written

instrument . . . Minnie A. McCall signed and delivered to the defendant" an additional agreement giving him the right to erect a building on this land and to remove it "when his lease has expired." None of the documents was signed by the defendant and they do not purport to be under seal. The defendant, on November 1, 1926, entered into possession of the land and erected thereon a gasoline filling station. On January 28, 1929, Minnie A. McCall conveyed the premises to the plaintiff in fee by deed duly executed and recorded. When this conveyance was made the defendant "was not in arrears in payment of rent" and "not in default in any of the terms of the written instrument." Before this conveyance the plaintiff had notice of the "written instrument dated November 1, 1926, and signed by Minnie A. McCall." On January 31, 1929, the defendant received from the agent of the plaintiff written notice to vacate, but he continued in possession of the land. On April 1, 1929, another notice to quit was served on him. The plaintiff does not claim title to the buildings erected by the defendant. Neither of the documents signed by Minnie A. McCall was recorded. The defendant tendered rent to the plaintiff after the notice of January 31, 1929, but the plaintiff refused to accept it. In the Superior Court there was a finding for the plaintiff. The case is before us on the defendant's exceptions.

The contention of the defendant is that by the language of the agreement of November 1, 1926, he was to hold the premises "for as many years as" he desired; that he was therefore not merely a tenant at will but was entitled to hold "for at least a year." The plaintiff contends that as the lessee could terminate the tenancy at his will, he was in fact a tenant at will.

Decisions are to be found holding that, where a tenant is in possession under a deed giving him title to premises as long as he continues to inhabit a certain place or while he desires to live there, he has a life estate in the land. The cases supporting this view are collected in *Thompson* v. *Baxter*, 107 Minn. 122; *S.C.* 21 L. R. A. (N. S.) 575. In this Commonwealth, however, we consider it to be settled that where the lessee is not bound for any definite period and is

at liberty at any time to terminate the tenancy, the estate is not a term of certain duration, and as the lessee is not bound to remain for any definite period, the landlord is not prevented from ending the relation. In *Murray* v. *Cherrington,* 99 Mass. 229, the defendant was in possession of a tenement belonging to the plaintiff. The defendant contended he was a tenant for the term of two years. He based this contention on a letter of the plaintiff. It was decided that the defendant was not a tenant for years. In the course of the opinion Foster, J. said at page 230: "The duration of a lease for years must be certain; this includes both its commencement and termination . . . . A leasehold interest for an uncertain and indefinite term is an estate at will only . . . . an entry by the lessee under this instrument would not bind him to remain for any definite period . . . . As to him, there is no term of certain duration. Consequently there can be none as to the landlord." In *Cheever* v. *Pearson,* 16 Pick. 266, the lease was determinable at the will of the lessees. In that case it was said by Shaw, C. J. at page 272: "This being so, the rule is settled, and has been unquestioned from Lord Coke's time to the present, that every lease at will must, in law, be at the will of both parties. Therefore when a lease is made to hold at the will of the lessee, it must also be at the will of the lessor." It was held that the lessees were tenants at will and that either party could terminate the lease in the mode prescribed by law. These cases were approved in the recent case of *O'Reilly* v. *Frye,* 263 Mass. 318, where it was held the tenancy could be terminated at the will of the tenant. This rule is applicable where the tenancy is created by a written contract. *Gardner* v. *Hazelton,* 121 Mass. 494.

In the case at bar the defendant could remain according to the language of the instrument "for as many years as desired" — the term was not fixed, it could be determined at any time by him — its duration was at his will, and therefore the essential element of a term for years was lacking. The tenancy had no certain duration as to the defendant and therefore there could be no certain duration as to the plaintiff. It was in fact a tenancy at will.

In *Hurd* v. *Cushing,* 7 Pick. 169, 174, the lease provided

that the tenant was to have possession as long "as the salt-works then intended to be erected should continue to be used." In *Cook* v. *Bisbee*, 18 Pick. 527, 529, it was stipulated that the premises were leased "so long as the lessee, his heirs and assigns shall keep the furnace and buildings on the premises." In these cases the duration of the tenancy was to continue until the happening of a certain event; it was so limited, and would end at once when the condition was broken. See *First Universalist Society of North Adams* v. *Boland*, 155 Mass. 171. Both the landlord and tenant were bound by this limitation. *Edmund D. Hewins, Inc.* v. *Marlboro Cotton Mills*, 242 Mass. 282, is not in point. It was an action to recover commissions for the sale of merchandise, in which the plaintiff relied on a contract to pay him commissions on all sales made in the future to all customers introduced to the defendant by him. In *Carlisle* v. *Weiscopf*, 237 Mass. 183, the lessee held over under a lease which provided that after the term of two years the lease was to continue in full force until the lessee, on or before August 1 in any year, gave notice of his intention to terminate. It was there held that the lease continued in operation each succeeding year until notice was given. The case is not applicable here.

Questions of the termination of the tenancy by the conveyance to the plaintiff and the validity of the notice to quit if necessary are not argued and we do not discuss them.

*Exceptions overruled.*