HAROLD A. SAGE ET AL., APPELLEES, V. ORIN D. SHAUL, APPELLANT.

67 N. W. 2d 921

Filed January 7, 1955. No. 33608.

*W. H. Kirwin,* for appellant.

*Neighbors & Danielson* and *Russell E. Lovell,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action in forcible detainer. At the close of the evidence the trial court directed a verdict for the plaintiffs. Defendant appeals.

In March 1952 one Charles H. Scott was the owner of the farm land involved in this action. He had the land listed for sale. In March of that year the defendant came to his home and attempted to lease the land. Scott told him he was trying to sell the land and did not want to lease it, but arranged to meet defendant at the farm about a week later to further discuss the matter. Scott told the defendant if they could agree on the crops to plant, the landlord's share and so on, he would rent it to defendant as long as defendant was satisfactory and as long as Scott owned the place. Defendant immediately moved some of his machinery and chickens on the place. He gained possession of the farm in early April, although he moved his family on the place at a later date. Scott sold the land to plaintiffs during the latter part of April, although a contract of sale was not entered into until October 3, 1952. No written lease was ever made. Defendant recognized plaintiffs as the owners after the deal was made in April 1952. On October 28, 1952, plaintiffs notified defendant by letter that they wanted possession of the farm on March 1, 1953. A

notice to quit was served on March 2, 1953, and thereafter this litigation was commenced.

The defendant testified that he took possession of the farm on or about March 12, 1952, under an oral agreement providing for the payment of the customary crop shares. He testified that the place was in bad condition and that Scott told him he could stay on the place as long as he wanted to if he would clean it up. There is evidence that defendant hired two men, who assisted him in cleaning up the place which, with the use of defendant's truck, was of the reasonable value of $180. He says he performed work in doing fall irrigating which was reasonably worth $56. The plaintiffs tendered $236 into court for the purpose of removing from the case the issue relating to the cleaning up of the premises. No acceptance of the tender is shown by the record.

Upon the foregoing issues the trial court directed a verdict for the plaintiffs. We will assume, under long-established rules, that the evidence of defendant is true and that, in addition thereto, defendant is entitled to the benefit of every reasonable inference to be drawn from it.

The defendant's version of the oral lease is that if he would go on the place and clean it up, he could stay as long as he desired. The plaintiffs' version is that defendant could rent it as long as he was satisfactory and Scott owned the place. Under either version a tenancy at will was created.

It is fundamental, we think, that when no term is mentioned, and the lease is expressly declared to be at the will of one of the parties, and nothing is said with respect to its binding effect on the other, it is a lease at will of both parties, and either may terminate it at any time. A tenancy that has no definite duration as to one party can have no definite duration as to the other. Cases from other jurisdictions support this view. In Foley v. Gamester, 271 Mass. 55, 170 N. E. 799, a lease

"for as many years as desired" was held to create a tenancy at will. In Shorter v. Shelton, 183 Va. 819, 33 S. E. 2d 643, an oral lease "that she should occupy the room as long as she wanted to" was held to be an estate at will of both parties which either could terminate at his option. Cases of similar import are Barbee v. Lamb, 225 N. C. 211, 34 S. E. 2d 65, and Wildscheutz v. Lee (Tex. Civ. App.), 281 S. W. 1105.

The record shows that defendant was notified by registered mail that plaintiffs demanded possession of the farm on or before March 1, 1953. This had the effect of terminating the tenancy at will as of March 1, 1953, and plaintiffs were entitled to possession on that date. A subsequent serving of a statutory notice to quit is the only condition precedent to the bringing of a forcible detainer action.

The defendant contends that there are equitable considerations which give him rights that he did not otherwise have. There is no merit to this contention. The statute of frauds has no application to the present case. The result would be the same even if the terms of the oral lease were in writing. The tenancy would have been at will in either event. Equitable considerations have been given force in this state where an oral lease for more than 1 year was made. They are treated as part performance and merely remove the lease agreement from the bar of the statute of frauds. Equitable considerations are not available to change the nature of the tenancy created. Consequently they may not be used to change a tenancy at will to a tenancy from year to year. They are available to a party only as part performance to remove the bar of the statute. But in a case where the tenancy is at will even if the agreement was in writing, the statute of frauds can play no part and equitable considerations are therefore ineffective for any purpose.

We conclude therefore that defendant was a tenant

 

at will under his own evidence and the trial court properly directed a verdict for the plaintiffs.

AFFIRMED.