LARRY J. DAY ET AL., APPELLEES, v. FRANK KOLAR ET AL., APPELLANTS.

341 N.W.2d 598

Filed December 23, 1983.   No. 82-798.

Richard E. Gee, for appellants.

Duane Burns of Mayer & Burns, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendants, Frank Kolar and David Kolar, appeal from the judgment of the district court affirming the judgment of the county court awarding the plaintiffs, Larry J. Day and Deborah L. Day, damages in the sum of $2,048 and $400 in attorney fees.

The action arose out of a controversy concerning a written lease of residential property in Grand Is-

land, Nebraska, owned by Frank Kolar. The lease was prepared on an "apartment agreement" form by David Kolar and signed on September 9, 1981. David signed Frank E. Kolar's name. Larry J. Day signed as the tenant.

The lease contained the following provision in regard to the term of the lease: "LANDLORD agrees to deliver possession of the following described premises, to-wit:
occupancy to commence on the 30 day of Sept., 1981, and to be continuous through the 30 day of Sept, 1982. This agreement will terminate upon the date agreed, or upon -0- days notice in writing by either party, or upon breach according to the terms of this agreement."

The plaintiffs obtained a key to the property on the day after the lease was signed, but about 2 weeks later, before the plaintiffs had moved into the property, they received word that the property had been sold and they would not be able to move into the property. The plaintiffs found another house to rent and then brought this action on November 10, 1981.

The plaintiffs' theory of the case is that they had a lease for a term of 1 year and are entitled to damages for the defendants' failure to "honor" the lease. The defendants contend that the cancellation clause in the lease which permits either party to terminate the lease "upon -0- days notice in writing" permitted the owner, Frank Kolar, to terminate the lease at any time.

Although the lease provided for written notice of termination, a failure to object to the form of the notice and acting on the notice generally waives any objection to the form of the notice. See, 49 Am. Jur. 2d *Landlord and Tenant* § 1002 (1970); *Kresha v. Kresha*, 211 Neb. 92, 317 N.W.2d 776 (1982).

The plaintiffs contend that the numeral zero in the cancellation clause was an indication that the cancellation clause was not to be applicable. This would be a logical conclusion if the entire clause had

been lined out. The blank had reference only to the number of days' notice of cancellation to be given, not to the right of cancellation.

The plaintiffs argue that a lease subject to cancellation is no lease at all. Though not a lease for a definite term of years, the law recognizes a tenancy at will. A lease which may be terminated at any time at the will of either party is a tenancy at will. *Sage v. Shaul*, 159 Neb. 543, 67 N.W.2d 921 (1955). See, also, Restatement (Second) of Property § 1.6 (1977). Since the right of cancellation was mutual, we think the proper construction of the document is that it was a written agreement for a tenancy at will.

Although the plaintiffs testified that they were unaware of the cancellation provision in the lease, their failure to read the document carefully before it was signed by Larry J. Day does not allow them to avoid its provisions. In the absence of fraud one who signs an instrument without reading it, when he can read and has the opportunity, cannot avoid the effect of his signature merely because he was not informed of the contents of the document. *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982).

The judgment is reversed and the cause remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS.