LAWRENCE, Appellee,

v.

TRIANGLE CAPITAL CORPORATION, Appellant.

[Cite as *Lawrence v. Triangle Capital Corp.* (1993), 90 Ohio App.3d 105.]

Court of Appeals of Ohio,
Montgomery County.

No. 13530.

Decided Aug. 30, 1993.

*Cherri Lawrence*, pro se.

*Laurence A. Lasky*, and *Gary C. Schaengold*, for appellant.

KERNS, Judge.

On April 30, 1991, the plaintiff, Cherri Lawrence, moved into an apartment in Dayton, Ohio, pursuant to a written lease with the defendant, Triangle Capital Corporation. The apartment occupied by Lawrence was one of four units to a building in an apartment complex, and the unit rented for $390 per month.

In June 1991, Lawrence noticed a number of roaches in her apartment, and in August 1991, she observed a more pronounced infestation by the unwanted intruders. Subsequently, she discovered several dead roaches at various locations, including her kitchen, after which she complained to the home office of Triangle Capital Corporation ("Triangle"). Thereafter, or in November 1991, the defendant corporation had the premises sprayed in an attempt to eliminate the insects, but the problem became worse, according to the testimony of Lawrence, and, consequently, a more thorough treatment was applied in December 1991.

In February 1992, a housing inspector of the Montgomery County Health District found evidence of roaches, including many deceased critters, in the Lawrence apartment, and he thereupon issued an order to Triangle to have the unit "treated to eliminate the roaches." However, prior to the issuance of the housing order, or on January 27, 1992, Lawrence filed an application to deposit her rent with the Clerk of the Vandalia Municipal Court pursuant to the provisions of R.C. 5321.07(B)(1), and she continued to do so until April 1, 1992.

In the trial court, this cause was referred to a referee, who determined from the evidence that Lawrence was entitled to rent abatement under the provisions of R.C. 5321.07 in the amount of $1,170.

Thereafter, the report and recommendations of the referee were adopted by the Vandalia Municipal Court, and from the judgment thereupon entered in the trial court, Triangle has filed a notice of appeal to this court.

The appellant has set forth two assignments of error, the first of which is based upon a proposition that "the decision of the trial court is against the manifest weight of the evidence."

The appellant's concluding argument in support of the alleged error exposes the disputatious nature of this case as follows:

"Although the existence of vermin in an apartment may cause the tenant some trouble in eradicating them, it is not always a matter of sufficient gravity to relieve the tenant of his liability. The evidence does not reflect that Ms. Lawrence was deprived of the beneficial use of the premises in a substantial manner. At no time did the housing inspector find that the premises were uninhabitable or truly unsafe during the relevant time frame associated with this case."

While the damages that would ensue from the presence of roaches, whether dead or alive, might depend to some extent upon human sensibilities, there can be no doubt that the limited view taken by the appellant is somewhat removed from reality. Here, the evidence, as well as the only reasonable inferences deducible therefrom, lends support to the conclusion of the referee that the apartment was not in a habitable condition for three months, and the fact that Triangle made an effort to eliminate the vermin from the Lawrence apartment did not make living conditions, such as they were, any more predictable.

In these proceedings, the appellee has failed to file a brief, and in accordance with App.R. 18(C), this court has accepted the appellant's statement of the facts and issues as correct. However, the state of the evidence precludes any interference from a reviewing court. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159. As heretofore indicated, the evidence of

roaches was impressive and largely undisputed, and the amount of the rental abatement was reasonable. Accordingly, the first assignment of error is overruled.

■ The second assignment of error is based upon an allegation that "the trial court erred in refusing to grant the defendant a continuance when a subpoenaed witness did not appear." This alleged error is traceable to a motion for a new trial filed on April 27, 1992, wherein the appellant argued that the denial of a continuance to him at the hearing prejudicially prevented an expert witness from a pest control company from testifying regarding the numerous remedial attempts made to correct the roach problem.

In response to the motion for a new trial, the referee commented as follows:

"It should first be noted that this case was first set for February 10, 1992. It was rescheduled to February 18, 1992, March 25, 1992 and then finally heard on April 1, 1992. The defendant's expert witness was subpoenaed and did not appear. When the defendant proffered the testimony of this witness concerning the numerous attempts made to remedy the bug problem, the referee indicated at trial that this testimony had already been given by the apartment manager. It was also the referee's understanding from the defendant's witness employed with the Department of Health that roach infestation requires several treatments to remedy.

"* * *

"While it is unfortunate that a problem such as roach infestation takes longer than 30 days to cure, nonetheless, the tenant should not be penalized by having to live under such conditions without some type of remedy. Therefore, as previously explained to the parties at trial, the testimony of the pest control expert would not have made any difference to the outcome of this case."

This court likewise has some difficulty with the appellant's argument that the presence of a pest control expert could have had any material effect upon the outcome of this case. Here, the evidence graphically depicts the severity of the bug problem, and expert testimony that Triangle acted responsibly under the circumstances would not be enough to remove the health hazards and physical discomfort which continued for some time in the Lawrence apartment. It is fundamental, of course, that a motion for continuance invokes the discretionary authority of the trial court, but the record in this case fails to disclose any semblance of an abuse of discretion, as that term is defined in law. Therefore, the second assignment of error is without merit.

Finding neither of the alleged errors to be well made, we affirm the judgment of the Vandalia Municipal Court.

*Judgment affirmed.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.