**ZELE FUNERAL HOME, INC., Appellant,**

v.

**BUTTRY et al., Appellees.**

[Cite as *Zele Funeral Home, Inc. v. Buttry* (1994), 96 Ohio App.3d 588.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66198.

Decided Aug. 29, 1994.

*Richard K. Wilcox,* for appellant.

*Gaines A. Buttry, pro se.*

*Hahn, Loeser & Parks, Steven W. Albert* and *David L. Little, Jr.*, for appellee Estate of Dawn M. and Robert L. Buttry.

---

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Zele Funeral Home, Inc. ("Zele") appeals from the trial court's orders of January 27, 1993, which dismissed Count Three of the complaint, and February 22, 1993, which dismissed defendant-appellee Helena C. Robinson ("Robinson"), guardian of the estates of Robert L. Buttry and Dawn M. Buttry, both minors. For the reasons adduced below, we affirm.

A review of the record on appeal indicates that on June 26, 1990, Zele provided the funeral services for Donna M. Buttry in the amount of $4,395.10.[1] These funeral services were the subject of an oral contract between Zele and defendant Gaines A. Buttry ("Gaines"), the decedent's husband.

Following the funeral, Gaines left the Cleveland area, abandoning his two minor children, Robert L. Buttry and Dawn M. Buttry ("Buttry children"). Robinson, the sister of the decedent, assumed the care of the Buttry children and was appointed as the guardian of the children's estates on November 1, 1990.

Subsequent to the appointment of Robinson as guardian, Robinson filed a claim for compensation on behalf of the Buttry children with the Ohio Victims of Crime Compensation Program. On August 17, 1992, the Court of Claims found that the Buttry children qualified as dependents of the decedent and awarded the estates of the Buttry children a total of $50,000. Of this total award, the estate of Robert L. Buttry was awarded an aggregate of $36,559.70 in dependent's economic loss and dependent's replacement services loss reparations, and the estate of Dawn M. Buttry was awarded an aggregate of $13,440.30 in dependent's replacement services loss reparations. The Court of Claims expressly found that Gaines Buttry had incurred funeral expenses in the amount of $4,395.10, but had failed to file a reparations application within the two-year statutory limitations period, thereby barring any claim for such expenses pursuant to R.C. 2743.60(A).

Zele filed the three-count complaint *sub judice* on December 1, 1992, naming Robinson (representing the estates of the two minor children) and Gaines as defendants. Counts One and Two sought the cost of the funeral services, plus interest in the amount of $1,033.15, from Gaines based upon an account and oral contract. Count Three alleged that the estates of the Buttry children were unjustly enriched as a result of the reparations awards by the Court of Claims

---

1. The decedent died on June 22, 1990, as a result of a shooting by an unknown assailant while she was riding in her car on June 21, 1990.

and sought $2,500 (the maximum amount allotted to funeral expenses as a benefit from the Ohio Victims of Crime Program) as damages.

On January 4, 1993, Robinson filed a motion to dismiss the complaint, Count Three specifically, pursuant to Civ.R. 12(B)(6). Zele filed a brief in opposition to dismissal on January 20, 1993. This motion to dismiss filed by Robinson was granted on January 22, 1993. Count Three was dismissed on January 27, 1993.

On February 25, 1993, Zele voluntarily dismissed Gaines Buttry without prejudice, having failed to locate him for purposes of service. Also on February 25, 1993, Zele filed a notice of appeal from the ruling on the motion to dismiss and was assigned case No. 65136. This notice of appeal, No. 65136, was dismissed on March 2, 1993, for lack of a final order pursuant to R.C. 2505.02. On April 7, 1993, reconsideration was denied in case No. 65136 for failing to comply with R.C. 2505.02 and Civ.R. 54(B).

On April 8, 1993, Zele filed a second notice of appeal from the dismissal orders and was assigned case No. 65349. This second notice of appeal was dismissed on April 28, 1993 for failure to comply with Civ.R. 54(B).

The trial court modified the earlier dismissal entries on September 13, 1993, by adding the "no just reason for delay" certification pursuant to Civ.R. 54(B). This third appeal was filed on September 23, 1993. One assignment of error is presented for review.

"The trial court erred by dismissing both count three and defendant Helena C. Robinson, guardian of the estates, from plaintiff-appellant's complaint pursuant to Civ.R. 12(B)(6)."

█ R.C. 2743.66(D)(1), which deals with an award under the Victims of Crime Program, provides:

"An award is not subject to execution, attachment, garnishment, or other process, except that, upon receipt of an award by a claimant:

"(1) The part of the award that is for allowable expense *or funeral expense* is not exempt from such action by a creditor to the extent that he provided products, services, or accommodations *the costs of which are included in the award.*" (Emphasis added.)

In Count Three of the complaint, Zele, in effect, sought to attach the property of the Buttry children to recover a portion of the debt owed by Gaines Buttry for funeral services. There are several problems with this argument.

First, the award to the Buttry children was not for the costs of the funeral services, but for dependent's economic loss and replacement services loss. R.C. 2743.66(D)(1) requires that the costs of the funeral expense be included in the award in order for a creditor to attach those costs. Second, Zele is not a creditor

with relation to the Buttry children. Rather, Zele is a creditor of Gaines Buttry, the man who engaged the services of Zele. Therefore, Zele cannot claim the benefit of R.C. 2743.66(D)(1), no matter that the claim is couched in terms of a claim of unjust enrichment.

■ Further, Zele's claim of unjust enrichment must fail.[2] Although Zele incurred a loss in not being paid for the funeral services, there was no gain on the part of the Buttry children nor was there any causal relationship between the loss and the alleged gain. The children were under no duty to pay for the services provided and were not required to submit a claim for reparation on something they had no duty to pay for during the pendency of their claim with the Court of Claims. Thus, causation is lacking. The children were not awarded any reparations for the funeral services; thus, they did not profit inequitably at Zele's expense. Further, Zele contracted with Gaines Buttry for payment of the services. It is Gaines Buttry who sustained the gain and caused the loss. It is Gaines Buttry from whom Zele must seek payment. It cannot now look to the minor children of the decedent, nonparties to the contract, for payment of the debt only because Gaines Buttry cannot be located and the children, incidental beneficiaries to the contract, have come into some well-deserved financial windfall almost three years after the services were provided. Accordingly, Zele failed to plead a claim of unjust enrichment for which relief may be granted.

The assignment is overruled.

*Judgment affirmed.*

SPELLACY, P.J., and WEAVER, J., concur.

---

**2.** The following was stated in *Fairfield Ready Mix v. Walnut Hills Assoc., Ltd.* (1988), 60 Ohio App.3d 1, 3, 572 N.E.2d 114, 116, with regard to the equitable remedy of unjust enrichment, which remedy may be applied within the discretion of the trial court:

"The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself inequitably at another's expense. *Freedline v. Cielensky* (1961), 115 Ohio App. 138, 20 O.O.2d 238, 184 N.E.2d 433. As ordinarily defined, the concept of unjust enrichment includes not only loss on one side but gain on the other, with a tie of causation between them. 18 Ohio Jurisprudence 3d (1980) 271, Contracts, Section 343."