## In re: Timothy Scott CASSELL, Debtor,

John C. Timmons;  Pryor B. Timmons, Jr.;  Ann T. Root, Appellants,

v.

Timothy Scott Cassell;  Frank Pees, Trustee, Appellees.

No. 00–4523.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge;  QUIST, District Judge.*

John C. Timmons, Pryor B. Timmons, and Ann T. Root (the "Timmons Heirs"), appeal a judgment of the Bankruptcy Appellate Panel ("BAP") which affirmed two decisions of the bankruptcy court of the Southern District of Ohio. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.   Fed. R.App. P. 34(a).

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.  Suffice it to say that the debtor, Timothy Scott Cassell, lived in a house rented from the Timmons Heirs until shortly before he filed his Chapter 13 petition in the bankruptcy court.  The Timmons Heirs filed a claim for rent and damage to that property and

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

the debtor objected to it. The bankruptcy court entered an order allowing the claim in part, but disallowing amounts for rent and water damage. The Timmons Heirs appealed the disallowance of those amounts to the BAP. They also appealed the bankruptcy court's denial of their motion for reconsideration. The BAP affirmed the bankruptcy court's disallowance of the claim amounts for rent and water damage on June 19, 2000. The BAP also affirmed the bankruptcy court's denial of the motion for consideration in that same opinion. No notice of appeal was filed from the BAP's June 19, 2000 decision.

The bankruptcy court also sanctioned the Timmons Heirs under Bankruptcy Rule 9011 for their conduct in connection with the filing of their claim in this case. The Timmons Heirs appealed that decision to the BAP. The BAP concluded that the bankruptcy court abused its discretion in imposing sanctions and reversed the bankruptcy court's decision. The Timmons Heirs filed a notice of appeal to this court on December 6, 2000.

Initially, the debtor contends that the Timmons Heirs' notice of appeal targets only the November 6, 2000 BAP decision, not the June 19, 2000 BAP decision, and that our review should be limited accordingly. *See* Fed. R.App. P. 3(c) (stating that the notice of appeal must designate the challenged order or judgment). The contention is rejected. The Timmons Heirs' notice of appeal, although inartfully drafted, invokes both orders.

■ Bankruptcy cases differ from most other federal cases in that the court of appeals does not afford first-instance appellate review. Rather, Congress has provided for intermediate review, conferring on district courts and federal bankruptcy appellate panels the authority to hear appeals from bankruptcy court decisions, but preserving to the parties a right of further review in the courts of appeals. *See* 28 U.S.C. § 158. Whether such an appeal comes to this court by way of the district court or the BAP, the standard of review is the same: this court focuses on the bankruptcy court's decision, scrutinize that court's findings of fact for clear error, and afford de novo review to its conclusions of law. *See Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir.), *cert. denied*, 525 U.S. 978, 119 S.Ct. 438, 142 L.Ed.2d 357 (1998); *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir.1994). Findings of fact are reviewed under the clearly erroneous standard. *See* Fed. R. Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (6th BAP Cir.1998) (citations omitted). Conclusions of law are reviewed de novo. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (6th BAP Cir.1998).

■ Upon review, we conclude that sufficient evidence in the record supports the bankruptcy court's order disallowing the Timmons Heirs' claim. The home in question was in an unfit condition and the water damage resulted from the age of the home and landlord neglect. Further, Ohio landlord and tenant law supports the bankruptcy court's conclusion that the debtor was not liable for rent or for damage to the property based on its unfit condition. *See* Ohio Rev.Code § 5321.04(A)(2) and (4) (Banks–Baldwin 2000); *See Lawrence v. Triangle Capital Corp.*, 90 Ohio App.3d 105, 628 N.E.2d 74, 75–76 (Ohio Ct.App.

1993); *Smith v. Wright,* 65 Ohio App.2d 101, 416 N.E.2d 655, 661 (Ohio Ct.App. 1979); *Freedline v. Cielensky,* 115 Ohio App. 138, 184 N.E.2d 433, 436 (Ohio Ct. App.1961).

Accordingly, the orders of the BAP, dated June 19, 2000 and November 6, 2000, are affirmed.. Rule 34(j)(2)(C), Rules of the Sixth Circuit.