[Cite as *Sacksteder v. Gisslen*, 197 Ohio App.3d 484, 2011-Ohio-6319.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| SACKSTEDER, | : | |
| Appellee, | : | C.A. CASE NO. 24455 |
| vs. | : | T.C. CASE NO. 08CV9535 |
| GISSLEN, | : | (Civil Appeal from Common Pleas Court) |
| Appellant. | : | |

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2011.

. . . . . . . . .

Thomas W. Kendo Jr., for appellee.

John R. Folkerth Jr. and Kenneth J. Heisele, for appellant.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} This matter is before the court on a notice of appeal filed by defendant, Thomas Gisslen, from a final order granting summary judgments for plaintiff, Elizabeth Sacksteder, on counterclaims Gisslen filed in a forcible-entry-and-detainer action Sacksteder commenced.

{¶ 2} In 2003, Gisslen and his wife, Karen, became month-to-month tenants of

a residential property owned by Sacksteder, who is Karen Gisslen's mother. Gisslen and his wife resided in the property until 2008. Sacksteder also resided there during much of that time. Gisslen made repairs of and improvements to the property during his tenancy.

{¶ 3} On February 1, 2008, Sacksteder, now Elizabeth Peters, served the Gisslens a 30-day notice that she was terminating their tenancy. The Gisslens did not leave. On March 4, 2008, Peters served the Gisslens a three-day notice to vacate the property. The Gisslens did not vacate the property. On March 12, 2008, Peters filed a complaint for forcible entry and detainer in the Kettering Municipal Court. Thomas Gisslen filed an answer and counterclaims.

{¶ 4} The action was referred to a magistrate, who on May 7, 2008, entered a decision in favor of Peters on her forcible-entry-and-detainer claim. Thomas Gisslen vacated the premises on May 16, 2008. He also filed objections to the magistrate's decision. While the objections were pending, Peters obtained a writ of execution. On May 27, 2008, bailiffs removed some of Gisslen's property from the residence and put it in storage. Gisslen alleges that Peters kept the rest.

{¶ 5} On June 25, 2008, the municipal court sustained Gisslen's objection that Peters's statutory 30-day notice of termination was insufficient. The court dismissed Peters's action in forcible entry and detainer on that basis. Because Gisslen's counterclaims prayed for relief in a monetary amount that exceeded the municipal court's jurisdiction, that court certified the action on Gisslen's counterclaims to the Montgomery County Court of Common Pleas.

{¶ 6} Following transfer to the common pleas court, Peters moved for

summary judgment on Gisslen's counterclaims, which were five in number. The court granted Peters's motion with respect to all five. Gisslen filed a timely notice of appeal. The errors Gisslen assigns on appeal concern three of the counterclaims on which summary judgment was granted.

{¶ 7} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1.

First Assignment of Error

{¶ 8} "The trial court erred by ignoring Mrs. Peters' failure to comply with Revised Code Chapter 5321 and the resulting damages."

{¶ 9} Gisslen's first counterclaim alleged that Peters failed to comply with R.C. 5321.15, which provides:

{¶ 10} "(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated,

for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code.

{¶ 11} "(B) No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.

{¶ 12} "(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

{¶ 13} Gisslen contended that Peters violated division (A) of R.C. 5321.15 because she failed to comply with R.C. 5321.17(B) prior to commencing her action in forcible entry and detainer.  R.C. 5321.17(B) provides that a landlord or tenant may terminate a month-to-month tenancy "by notice given the other at least thirty days prior to the periodic rental date."  Gisslen claims that the notice Peters served on February 1, 2008, was insufficient, presumably because the next periodic monthly rental date was March 1, 2008, which is less than 30 days later.  Gisslen contends that the failure of notice was the reason for the municipal court's subsequent order vacating the prior order of restitution the court had awarded Peters and dismissing her action.

{¶ 14} We do not agree.  R.C. 5321.15(A) contemplates acts that are unlawful. Failure to comply with R.C. 5321.17(B) merely subjects an action in forcible entry and detainer subsequently filed pursuant to R.C. Chapter 1923 to dismissal.  Further, by its terms, R.C. 5321.15(A) excludes commencing an action pursuant to R.C. Chapter 1923 from the conduct it prohibits.

{¶ 15} Gisslen argues that Peters failed to comply with R.C. 5321.15(B) when she caused his personal property to be removed from the premises. R.C. 5321.15 prohibits a landlord from engaging in that conduct "other than in accordance with an order issued by a court of competent jurisdiction."

{¶ 16} Gisslen concedes that his property was removed from the premises pursuant to a writ of execution Peters obtained. The writ may have been issued in error, while Gisslen's objections to the magistrate's decision were pending, but the municipal court did not lack jurisdiction to issue the writ. The court had subject-matter jurisdiction over the claims for relief in the action, and the parties were served and properly before the court.

{¶ 17} The first assignment of error is overruled.

Second Assignment of Error

{¶ 18} "The trial court erred by improperly applying an intentional infliction of emotional distress standard to Mr. Gisslen's cause of action for interference with visitation rights pursuant to R.C. 2307.50."

{¶ 19} R.C. 2919.23(A)(1) defines the offense of child stealing.  That section prohibits any person, knowing that he/she is without privilege to do so or being reckless in that regard, from interfering with a parent's, guardian's, or custodian's right to custody of a minor child.

{¶ 20} R.C. 2307.50(B) authorizes a civil action against an offender who violates R.C. 2919.23 "if a minor is the victim of a child stealing crime and if, as a result of that crime, the minor's parents, parent who is the resident parent and legal custodian [or the] *parent who is not the residential parent and legal custodian* [of the child] * * * is

deprived of a parental * * * interest in the minor * * *." (Emphasis added.)

{¶ 21} Gisslen's second counterclaim alleged that Peters is liable in damages pursuant to R.C. 2307.50 because "[o]n occasions when Mr. Gisslen sought to exercise visitation rights pursuant to a visitation order of the Montgomery County Common Pleas Court, [Peters] has kept Mr. Gisslen's minor daughter or daughters from him, knowing she was without privilege to do so."

{¶ 22} The trial court evaluated Gisslen's claims and held that they failed to satisfy the standard for an R.C. 2307.50(B) claim for relief, as a matter of law, because the deprivations alleged do not arise to the level of outrageous behavior that we held was necessary in *Brown v. Denny* (1991), 72 Ohio App.3d 417.   That holding in *Brown v. Denny* applied to a common-law claim for intentional infliction of emotional distress, to which we applied the rule of *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369. We did not apply the outrageous-behavior standard to a companion statutory claim for relief in that action brought pursuant to R.C. 2307.50.   The trial court erred in applying the outrageous-behavior standard to Gisslen's R.C. 2307.50 claim for relief.

{¶ 23} The second assignment of error is sustained.

Third Assignment of Error

{¶ 24} "The trial court erred by disregarding Mr. Gisslen's testimony relating to the unjust enrichment claim."

{¶ 25} Gisslen's fourth counterclaim, which is captioned "Action to Recover for Improvements," states:

{¶ 26} "11. Mr. Gisslen has made substantial improvements on the property of Ms. Sacksteder with Ms. Sacksteder's knowledge and consent.   As a proximate cause

of Ms. Sacksteder's unlawful conduct, she has received a windfall profit and gain by virtue of improvements performed by Mr. Gisslen on Ms. Sacksteder's property. The value of said improvements is $8,373.21 for which Mr. Gisslen seeks reimbursement."

{¶ 27} Unjust enrichment of a person occurs when he or she has and retains money or benefits which in justice and equity belong to another. *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748. To remedy an unjust enrichment, equity will impose a constructive trust, "'not because of the intention of the parties but because the person holding the title to the property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property.'" *Id.* at ¶ 60, quoting Restatement of the Law, Restitution, Section 160, Comment *b*.

{¶ 28} A tenant, in the absence of an agreement to do so, is not required to make substantial or lasting repairs and improvements to the leased premises. When materials that were used become an integral part of the realty and are in no way considered the tenant's personal property that he may remove at the termination of the lease, and absent an agreement, the tenant has no right to the improvements or to be compensated for their value. *Freedline v. Cielensky* (1961), 115 Ohio App. 138, 142.

{¶ 29} In support of her motion for summary judgment, Peters filed her own affidavit, in which she averred: "I never requested that Thomas Gisslen make improvements to the real property located at 8695 Hide-a-Way Lane, Dayton, Ohio 45458." Gisslen's affidavit in support of his memorandum contra states:

{¶ 30} "While living at the residence, I installed shelving, a shower, reverse osmosis water system, central air humidifier, and a new thermostat. I further performed landscaping, electrical work, and patched holes in interior walls. Elizabeth was fully

aware that I was making the improvements. At no time did Elizabeth ask or instruct me to cease the improvements. In fact, she asked me to make some of the improvements."

{¶ 31} Civ.R. 56(C) states:

{¶ 32} "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶ 33} The trial court granted summary judgment for Peters on a finding that Gisslen "presented no evidence to this Court other than his own self-serving affidavit as to the work he did or the amount of money he spent. With no corroborating evidence, Defendant has failed to sufficiently oppose Plaintiff's motion for summary judgment under Ohio Civ.R. 56(F)."

{¶ 34} Civ.R. 56(F) authorizes the court to grant a continuance in ruling on a motion for summary judgment "to permit affidavits obtained or discovery to be had or (to) permit such other order as is just." The rule imposes no corroboration requirement. Further, Civ.R. 56(C) provides that "the party against whom the motion for summary judgment is made * * * [is] entitled to have the evidence or stipulation construed most strongly in that party's favor." Gisslen's averment that Peters "asked me to make some of the improvements" is sufficient, on its face, to rebut Peters's averment that "I never requested that Thomas Gisslen make improvements."

{¶ 35} The more fundamental problem is that Peters's affidavit fails to demonstrate that the parties had no agreement that Gisslen either had a right to the improvements or to be compensated for their value at the termination of the tenancy, which is the issue determinative of Gisslen's unjust-enrichment claim. *Freedline v. Cielensky,* 115 Ohio App. 138. That Peters never requested Gisslen to make the improvements and repairs is not determinative of Gisslen's claim for unjust enrichment. Neither did Gisslen aver that the parties had an agreement, but absent Peters's denial, Gisslen had no duty to do so. *Dresher v. Burt* (1996), 75 Ohio St.3d 280. The third assignment of error is sustained.

{¶ 36} Because the trial court erred when it granted summary judgment on Gisslen's second and fourth counterclaims, the judgment from which the appeal was taken is reversed in those respects, but otherwise is affirmed.

Judgment accordingly.

FAIN and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Fourth Appellate District, sitting by assignment.