[Cite as *State v. Henry*, 2017-Ohio-7427.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-78 |
| | : | |
| v. | : | Trial Court Case No. 1999-CR-584 |
| | : | |
| ANJUAN C. HENRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of September, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

ANJUAN C. HENRY, Inmate No. 401-154, London Correctional Institution, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Anjuan C. Henry, appeals from the decision of the Clark County Court of Common Pleas denying his pro se petition for post-conviction relief without a hearing. In support of his appeal, Henry claims that the trial court erred in construing his petition as a motion to withdraw a plea. For the reasons outlined below, the judgment of the trial court will be reversed and remanded for further proceedings consistent with this Opinion.

I.    Facts and Course of Proceedings

{¶ 2} On November 1, 1999, the Clark County Grand Jury indicted Henry on two counts of knowingly selling or offering to sell crack cocaine in an amount greater than five grams but less than ten grams, in violation of R.C. 2925.03. Dkt. 1. These two counts of drug trafficking were brought against Henry in Clark County Common Pleas Case No. 1999-CR-584. Dkt. 1. Henry previously was indicted in Clark County Common Pleas Case No. 1999-CR-296 on one count of possession of crack cocaine in excess of one hundred grams. On February 28, 2000, the trial court consolidated these two cases for trial. Dkt. 9.

{¶ 3} The jury returned guilty verdicts on both counts of drug trafficking and one count of possession of crack cocaine with a major drug specification. Dkt. 15-16, 25. Henry was sentenced on September 22, 2000. Dkt. 25. On appeal, we reversed Henry's convictions and remanded the case for further proceedings consistent with our Opinion. Dkt. 32; *State v. Henry*, 2d Dist. Clark No. 2000-CA-80, 2002 WL 125717 (Feb. 1, 2002).

{¶ 4} After we remanded the case, the two cases were severed. In June 2003, Henry was re-tried in Case No. 99-CR-296. Henry was found guilty of the possession charge and was sentenced to prison. On November 12, 2003, after his trial and conviction for possession in Case No. 99-CR-296, Henry pled no contest to the two drug trafficking charges in Case No. 99-CR-584. Dkt. 40. Henry and the State agreed to a prison sentence of five years on each of the two drug trafficking counts, to be served consecutive to each other but concurrent with the prison sentence in 99-CR-296. Apparently, the conviction and sentence in Case No. 99-CR-584 were not journalized until January 7, 2011. Dkt. 52. The trial court sentenced Henry to an agreed prison sentence of five years on each count, to run consecutive to each other and concurrent with the prison sentence in Case No. 99-CR-296.

{¶ 5} On April 5, 2016, Henry filed a document entitled "2953.21 Delayed petition to vacate no contest plea and set aside judgment of conviction" in Case No. 99-CR-584. Dkt. 58. The first page of his petition stated "Petitioner, Anjuan Henry, petitions this court for post conviction relief pursuant to R.C. 2953.21 for the reasons stated in the following statement of facts supporting claim." Henry attached two affidavits to this petition. His March 21, 2016 affidavit stated, in pertinent part:

> In Feb of 2016, my ex-fiancée and children's mother, Erica Bibbs, did inform me that leading up to and during my June 2003 jury trial for possession on [sic] cocaine, she was having an affair with my trial attorney.
>
> She was reluctant to provide the affidavit attached to the motion for leave because she said it would make her "look bad" and also inquired as to whether his attorney could "get in trouble" if this came out.

**{¶ 6}** The second affidavit was a March 14, 2016 affidavit of Erica Bibbs. The affidavit stated:

> I Erica Bibbs, aver and attest to the following . . . before and during my ex fiancé and my children's father, (Anjuan Henry), June 2003 jury trial, I was engaged in a romantic relationship with his attorney.

Dkt. 58

**{¶ 7}** On April 20, 2016, Henry filed a motion for summary judgment on his petition. Dkt. 59. On May 23, 2016, Henry filed a "Motion For Leave To Amend Petition To Include Supplemental Affadavit." Dkt. 60. Attached to this motion was Henry's affidavit dated May 16, 2016. The affidavit stated, in pertinent part:

> In April of 2013, my ex-fiancée and I began communicating on an intimate level again.
>
> We both came to an agreement to try to repair our relationship. We've been successful in that endeavour [sic] for the past few years.
>
> In Feb of 2016, my ex-fiancée Erica Bibbs, told me that, years ago she did something that she regrets, and that she was tired of living with the guilt of it. That's when, for the first time, she revealed the affair she had with my trial attorney while he was representing me.

**{¶ 8}** On August 8, 2016, Henry filed a "Motion To Amend Petition To Include Supplemental Argument." Dkt. 61. Henry asked the trial court to consider the additional authority of *Disciplinary Counsel v. Owen*, 142 Ohio St.3d 323, 2014-Ohio-4597, 30 N.E.3d 910. Dkt. 61.

**{¶ 9}** The trial court denied Henry's petition on November 8, 2016, stating (Dkt.

62):

> This matter is before the Court on the pro se motion of the defendant for leave to file a delayed petition to vacate a no contest pleas and set aside the judgment. Upon review of the arguments and the record, the Court finds the motion is not well taken and the same is DENIED.

{¶ 10} Henry appealed from the trial court's November 8, 2016 decision. Dkt. 63. In his appeal, Henry filed a Motion to Stay and Remand the cause because the trial court failed to issue findings of fact and conclusions of law in denying his petition for post-conviction relief. In his motion, Henry referenced a writ of mandamus he had filed to require the trial court to issue the findings of fact and conclusions of law. On January 10, 2017, we requested that the parties file briefs addressing whether Henry's April 5, 2016 filing was a request for post-conviction relief or some other post-sentence motion and, if the filing was a petition for post-conviction relief, whether any exceptions apply to the requirement that the trial court issue findings of fact and conclusions of law when denying the petition.

{¶ 11} On March 2, 2017, we issued an Order stating, in pertinent part:

> Accordingly, Henry's motion to stay and remand is SUSTAINED. This matter is STAYED until further order of court. The case is REMANDED. The trial court is ORDERED to take one of the following two actions within 20 days of this Order: 1) issue findings of fact and conclusions of law on Henry's April 5, 2016 "2953.21 Delayed Petition to vacate no contest plea and set aside judgment of conviction;" or 2) issue an entry stating the reason(s) that findings of fact and conclusions of law are

not required on Henry's April 5 filing.

**{¶ 12}** The trial court issued an Entry in response to our March 2, 2017 Order. Dkt. 65.   In its Entry, the trial court stated, in pertinent part:

This matter had been before the Court on the pro se motion of the defendant for leave to file a delayed petition to vacate a [sic] no contest pleas and set aside the judgment.   This is a motion to withdraw a plea, not a petition for post conviction relief.   A ruling on a motion to withdraw a plea does not require the court to file a finding of facts and conclusion of law.

* * *

In ruling on a motion to withdraw a plea, the court is not required to file a finding of facts.   However, in reviewing the court's records, the court found that the defendant was represented by a competent and experienced trial attorney.   The defendant indicated in his written plea that he was satisfied with the advice and representation his attorney had given him, that he understood everything in the plea including the constitutional rights he was waiving by entering into the plea, that no threats or promises, other than what had been placed on the record, had been made to the defendant to get him to enter into the plea, and that he was giving up those rights by entering the plea.

In the defendant's motion and supplements to the motion, the defendant claimed ineffective assistance of counsel.   The main basis is that his attorney was engaged in a sexual relationship with the defendant's girl friend at the time he was representing the defendant.   Further, the

defendant was not aware of that relationship for a number of years. The defendant attempts to substantiates [sic] this claim with a self-serving affidavit.

Any other grounds for the motion should have been raised in the defendant's unsuccessful appeal, and would now be barred by res judicata.

Upon review of the arguments and the record, the Court finds the motion is not well taken and the same is DENIED.

**{¶ 13}** Henry filed a new notice of appeal from the trial court's March 2, 2017 Entry.

II.     The Trial Court Erred In Construing Henry's Petition For Post-Conviction Relief As A Motion To Withdraw A Plea

**{¶ 14}** Henry's sole assignment of error states:

THE TRIAL COURT VIOLATED APPELLANT'S 14TH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAW, WHEN IT CLASSIFIED APPELLANT'S 2953.21 PETITION AS A CRIMINAL RULE 32.1 MOTION, AND FAILED TO ISSUE FINDINGS OF FACTS AND CONCLUSIONS OF LAW.

**{¶ 15}** Henry contends that his April 5, 2016 filing was a petition for post-conviction relief pursuant to R.C. 2953.21. According to Henry, the trial court improperly found that this petition was a motion to withdraw a plea and, as a result, the trial court failed to make the required findings of fact and conclusions of law.

**{¶ 16}** In his April 5, 2016 filing, Henry relied on affidavits that were outside the record and specifically requested relief under R.C. 2953.21. Further, he did not argue

for a withdrawal of his plea or cite any legal authority that indicated a motion to withdraw a plea. In addition, he stated that he had met the requirements to file an untimely petition pursuant to R.C. 2953.23(A)(1)(a), which would have been unnecessary if he was instead filing a motion to withdraw a plea. We have previously held that a post-conviction contention of ineffective assistance of counsel accompanied by an affidavit outside the record "is a textbook example of a R.C. 2953.21 post-conviction relief argument." (Citations omitted.) *State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 6. Under the particular facts before us, we conclude that the trial court should have reviewed Henry's April 5, 2016 filing as a petition for post-conviction relief as opposed to dismissing the petition solely based on the failure to meet the requirements to withdraw a plea pursuant to Crim.R. 32.1. *State v. Clark*, 2d Dist. Darke No. 2015-CA-26, 2017-Ohio-120, ¶ 16-17; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14 ("Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently.").

{¶ 17} Although the trial court erroneously construed Henry's April 5, 2016 filing as a motion to withdraw a plea rather than a petition for post-conviction relief, our review does not end here. Rather, if the trial court provided sufficient findings of fact and conclusions of law, although not labeled as such, to support the dismissal of the petition without a hearing under R.C. 2953.21, then Henry's assignment of error should be overruled. Sufficient findings of fact and conclusions of law are those that are comprehensive and pertinent to the issues presented, demonstrate the basis for the decision by the trial court, and are supported by the evidence. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph three of the syllabus.

{¶ 18} Although the trial court stated that Henry's filing was not a petition for post-conviction relief and therefore no findings of fact and conclusions of law were required, the trial court did provide some reasoning for its denial of Henry's requested relief. Specifically, the trial court stated, in pertinent part (Dkt. 65):

In ruling on a motion to withdraw a plea, the court is not required to file a finding of facts. However, in reviewing the court's records, the court found that the defendant was represented by a competent and experienced trial attorney. The defendant indicated in his written plea that he was satisfied with the advice and representation his attorney had given him, that he understood everything in the plea including the constitutional rights he was waiving by entering into the plea, that no threats or promises, other than what had been placed on the record, had been made to the defendant to get him to enter into the plea, and that he was giving up those rights by entering the plea.

In the defendant's motion and supplements to the motion, the defendant claimed ineffective assistance of counsel. The main basis is that his attorney was engaged in a sexual relationship with the defendant's girl friend at the time he was representing the defendant. Further, the defendant was not aware of that relationship for a number of years. The defendant attempts to substantiates [sic] this claim with a self-serving affidavit.

{¶ 19} The trial court's analysis of whether his plea was knowing and voluntary, while relevant to a motion to withdraw a plea, is less relevant when considering Henry's

filing as a petition for post-conviction relief based on ineffective assistance of counsel arising out of a conflict of interest created when Henry's trial counsel allegedly was having an affair with Henry's girlfriend or fiancé during his representation of Henry.

**{¶ 20}** The trial court also noted that Henry tried to substantiate his claim of ineffective assistance of counsel "with a self-serving affidavit." *Id.* We recently explained the analysis a trial court may undergo when faced with a petition for post-conviction relief that relies on allegedly self-serving affidavits:

> Generally, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. [*State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983)]; *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 15. "Though we recognize that every affidavit submitted by a post-conviction relief petitioner is to some degree or another 'self-serving,' such affidavits should not lightly be deemed false as they are by definition a statement that the affiant has sworn to be truthful and made under penalty of perjury." *State v. Padgett*, 2d Dist. Montgomery No. 17658, 1999 WL 1127398, * 3 (Dec. 10, 1999), citing *Calhoun* at 284, 714 N.E.2d 905. Nevertheless, "the trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Calhoun* at 284, 714 N.E.2d 905.

*Clark* at ¶ 20.

**{¶ 21}** In assessing the credibility of affidavits, the Supreme Court has provided

the following relevant factors to be considered:

>    (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*Calhoun*, 86 Ohio St.3d at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756, 651 N.E.2d 1319 (1st Dist.1994).

**{¶ 22}** "[O]ne or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Calhoun* at 285. "Such a decision should be within the discretion of the trial court." *Id.* "A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Id.*

**{¶ 23}** Arguably, one or more of the *Calhoun* factors may apply to discount the credibility of both of Henry's two supporting affidavits. However, the trial court failed to provide findings of fact and conclusions of law to explain why either or both of the affidavits were self-serving. Further, the trial court referred to affidavit in the singular,

raising the implication that the trial court was speaking solely about Henry's affidavit rather than the Bibbs affidavit, or vice versa. In short, the trial court failed to provide sufficient findings of fact and conclusions of law. *Calhoun*.

**{¶ 24}** As we noted in *Clark*, it is not this court's place to judge the credibility of the affidavits or to rule on Henry's petition. *Clark* at ¶ 23. Rather, "the decision to grant or dismiss the petition with or without a hearing falls within the sound discretion of the trial court." *Id.*, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45, 58. On remand, the trial court will have an opportunity to exercise this discretion when it considers Henry's April 5, 2016 filing as a petition for post-conviction relief. Henry's sole assignment of error is sustained.

III.    Conclusion

**{¶ 25}** The judgment of the trial court is reversed and the cause is remanded for the trial court to review Henry's petition for post-conviction relief under R.C. 2953.21 and to issue a ruling on the petition in accordance with Crim.R. 35.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
Anjuan C. Henry
Hon. Richard J. O'Neill