[Cite as *Smith v. Cbert Properties, L.L.C.*, 2019-Ohio-12.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

LEAH N. SMITH                                           :
                                                       :
    Plaintiff-Appellant                                :       Appellate Case No. 28058
                                                       :
v.                                                     :       Trial Court Case No. 2017-CV-5205
                                                       :
CBERT PROPERTIES, LLC                                  :       (Civil Appeal from
                                                       :        Common Pleas Court)
    Defendant-Appellee                                 :
                                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of January, 2019.

. . . . . . . . . . .

RONALD J. KOZAR, Atty. Reg. No. 0041903, 40 N. Main Street, Suite 2830, Dayton, Ohio 45423
    Attorney for Plaintiff-Appellant

JENNIFER R. GREWE, Atty. Reg. No. 0092329, 33 W. First Street, Suite 600, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Leah Smith appeals from a judgment of the Montgomery County Court of Common Pleas, which entered summary judgment for CBert Properties, LLC, on Smith's claims for negligence, conversion, and a violation of R.C. 5321.04(A)(8). We conclude that Smith's own affidavit was sufficient to establish that a genuine issue of material fact existed as to her claims for negligence and conversion. But no genuine issue of fact existed as to the alleged statutory violation, and CBert was entitled to judgment as a matter of law on that claim. Consequently the trial court's judgment is affirmed in part and reversed in part.

## I. Facts and Procedural History

{¶ 2} In 2015, Smith moved into apartment four of an apartment building in Kettering, Ohio, which was owned by CBert and managed by Oberer Management Services. Each apartment in the building was assigned two basement storage units (a large unit and a small unit), each labelled with the corresponding apartment number. Accordingly, Smith was assigned Storage Unit #4. (We will refer to the storage units collectively for the most part.)

{¶ 3} The following year, CBert evicted the tenant living in apartment one. Several items were left in Storage Unit #1. CBert notified the former tenant that the items should be removed by a certain date. After that date, when the items had not been removed, CBert hired a waste removal company to clean out Storage Unit #1 and dispose of the items found inside, which the company did.

{¶ 4} Smith claims that the items removed from Storage Unit #1 were actually hers. She says that the building manager had given her permission use Storage Unit #1. Smith

sued CBert for negligence, conversion, and a violation of R.C. 5321.04(A)(8), which requires a landlord to give a tenant notice of entry. CBert moved for summary judgment on all three claims. It supported the motion with an affidavit from Barbara Hargraves, the District Property Manager for Oberer. Hargraves averred that each tenant was permitted to use only the storage spaces assigned to his or her apartment and that CBert never permitted tenants to use other storage units. Hargraves specifically averred that Smith was permitted to use only Storage Unit #4 and that she was not authorized to use any other storage unit. Hargraves also averred that CBert did not know that Smith had put items in Storage Unit #1.

{¶ 5} Smith opposed summary judgment with her own affidavit. She averred that, when she moved in, one of the storage units assigned to her apartment contained items from another tenant. She asked the building manager, Kim Larkin, if she could use Storage Unit #1, which was empty, and, according to Smith, Larkin agreed. Smith included with her affidavit a photograph of Storage Unit #1 taken by CBert before it was cleaned out. While there was a prominent "1" high on the door frame, there was also a smaller and fainter handwritten "4" on the frame lower down. Smith says that she does not know who wrote it.

{¶ 6} The trial court sustained CBert's motion for summary judgment, concluding that Smith's affidavit was self-serving and insufficient to establish a genuine issue of material fact for trial.

{¶ 7} Smith appeals.

## II. Analysis

{¶ 8} The sole assignment of error alleges that the trial court erred by entering

summary judgment for CBert. Under Civ.R. 56, "summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor." (Citation omitted.) *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 15. "We review summary judgment decisions de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.).

*The negligence and conversion claims*

{¶ 9} There were two relevant issues as to the negligence and conversion claims. One was whether CBert authorized Smith, through the building manager, to use Storage Unit #1, and the other issue was whether CBert knew that items in Storage Unit #1 belonged to Smith.

{¶ 10} The trial court concluded that the affidavit supporting CBert's summary-judgment motion established that there was no genuine issue as to these issues. In the affidavit, Hargraves averred that "CBERT does not ever permit tenants to use storage units which do not correlate with their apartment unit. For example, Unit #4 would not be permitted to use any storage unit except for Large Storage Unit #4 and Small Storage Unit #4." (Hargraves Aff. ¶ 7.) Hargraves specifically stated that "Smith was only permitted to use Large Storage Unit #4 and Small Storage Unit #4 during the term of her tenancy" (*Id.* at ¶ 13) and that "Smith was not authorized by CBERT or Oberer to use any other storage unit" (*Id.* at ¶ 14.) Finally, Hargraves said that "[a]t no time prior to [the waste-

removal company] cleaning out Large Unit #1 and Small Unit #1, was CBERT aware or put on notice that Smith claimed to have any items in Large Storage Unit #1 and Small Storage Unit #1." (*Id.* at ¶ 23.) Smith's affidavit was the only evidence opposing summary judgment. The trial court concluded that it alone could not establish a genuine issue as to the material facts because it was merely self-serving. The court criticized Smith for not obtaining deposition testimony from Larkin.

{¶ 11} "An otherwise competent affidavit is not invalid for the sole reason that it is executed by a party and submitted to aver facts in opposition to summary judgment. To the contrary, a party's affidavit is competent to create a genuine issue of material fact if made on personal knowledge." (Citation omitted.) *Fifth Third Mtge. Co. v. Berman*, 10th Dist. Franklin No. 11AP-637, 2012-Ohio-4411, ¶ 17. Civ.R. 56 imposes no corroboration requirement. We note too that Civ.R. 56(C) states that "the party against whom the motion for summary judgment is made * * * [is] entitled to have the evidence or stipulation construed most strongly in that party's favor." To the extent that Smith's affidavit did not present mere conclusory assumptions but set forth matters within her personal knowledge, it could be considered.

{¶ 12} We think that Smith's affidavit did present more than conclusory assumptions and set forth matters within her personal knowledge. Smith stated that she "asked [Kim Larkin] if I could just use the empty [storage unit] associated with Apartment One and Kim said yes." (Smith Aff. ¶ 3.) Smith's lease indicated that Larkin was an employee of Oberer, which managed the apartment building for CBert. This means that if Larkin gave Smith permission, CBert effectively gave her permission to use Storage Unit #1. This averment, along with the photograph showing a "4" written on the door frame

of Storage Unit #1, was sufficient, on its face, to rebut Hargraves's averment that Smith was not authorized to use Storage Unit #1. *Compare Sacksteder v. Gisslen*, 197 Ohio App.3d 484, 2011-Ohio-6319, 968 N.E.2d 11, ¶ 34 (2d Dist.) (concluding that the nonmovant's averment that the movant "asked me to make some of the improvements" was sufficient to rebut the movant's averment that "I never requested that [nonmovant] make improvements"). Smith's averment was also sufficient to rebut Hargraves's averment that CBert was not aware that Smith had put items in Storage Unit #1.

{¶ 13} We further note that most of our jurisprudence regarding a "self-serving affidavit" is in postconviction relief cases where the trial court, under appropriate circumstances, may determine that such an affidavit lacks credibility. *See e.g. State v. Henry,* 2017-Ohio-7427, 96 N.E.3d 1139, ¶ 20 (2d Dist.). The issue has also occasionally arisen in the civil context, where we have held that a self-serving affidavit that contradicts the same witness's earlier sworn testimony "should be given no weight." *Kaplun v. Brenner*, 2d Dist. Montgomery No. 17791, 2000 WL 234707, *4. However, this is not a postconviction case and the affidavit did not contradict prior testimony. The trial court cited *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 23, for the proposition that a self-serving affidavit containing no more than bald contradictions of the moving party's evidence is insufficient to avoid summary judgment. But in that case the affidavit did contradict, in part, the plaintiff's earlier deposition testimony, and it additionally contained unsupported conclusory allegations that the defendants had knowledge of a defective picnic table. The affidavit here was more than a bald contradiction of the affidavit submitted by the defense in support of summary judgment.

{¶ 14} Smith's affidavit alone was sufficient to create a genuine issue of material fact as to whether CBert authorized her to use Storage Unit #1 and whether CBert was aware that Smith was storing items there. Smith had no obligation to obtain testimony from Larkin. Summary judgment on the negligence and conversion claims was not appropriate.

*The statutory claim*

{¶ 15} Smith's third claim is that CBert violated R.C. 5321.04(A)(8) by entering the storage unit without notice. R.C. 5321.04(A)(8) requires a landlord, "[e]xcept in the case of emergency or if it is impracticable to do so, [to] give the tenant reasonable notice of the landlord's intent to enter and enter only at reasonable times." We do not believe this provision applies to basement storage units.

{¶ 16} R.C. 5321.04(A)(8) does not specify where, exactly, a landlord may not enter without notice, but the immediately preceding provision does. R.C. 5321.04(A)(7) prohibits a landlord from "abus[ing] the right of access conferred by division (B) of section 5321.05 of the Revised Code." Division (B) of that section gives a landlord the right to enter the "dwelling unit" for various reasons. We think that R.C. 5321.04(A)(8) is talking about this right of entry too. R.C. 5321.04(A)(7) prohibits a landlord from abusing the right of entry into a dwelling unit, and when a landlord does exercise the right of entry, R.C. 5321.04(A)(8) requires that the entry be at a reasonable time (absent an emergency) and requires the landlord to tell the tenant beforehand about the entry into the dwelling unit.

{¶ 17} We do not think that a basement storage unit divided by framing and chicken wire is a "dwelling unit." R.C. 5321.01(F) defines "dwelling unit" as "a structure or the part of a structure that is used as a home, residence, or sleeping place by one person

who maintains a household or by two or more persons who maintain a common household." Based on this definition, the Eighth District has held that a landlord does not violate R.C. 5321.04(A)(7) by entering a storage locker in the laundry room of an apartment building, because the locker is not a "dwelling unit." *Gibson v. Shephard*, 2017-Ohio-1157, 87 N.E.3d 846, ¶ 39-40 (8th Dist.). Similarly, we do not think that CBert violated R.C. 5321.04(A)(8) by entering Storage Unit #1 without notice, because the storage unit is not a "dwelling unit."

**{¶ 18}** Therefore, CBert was entitled to summary judgment on Smith's claim that it violated R.C. 5321.04(A)(8).

### III. Conclusion

**{¶ 19}** The trial court erred when it entered summary judgment for CBert on Smith's claims for negligence and conversion; the assignment of error is sustained and the trial court's judgment is reversed as to those claims. The trial court's judgment is affirmed as to the claim based on R.C. 5321.04(A)(8).

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Ronald J. Kozar
Jennifer R. Grewe
Hon. Erik R. Blaine